**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS SOLID-STATE LIGHTING SOLUTIONS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>WANGS ALLIANCE CORPORATION d/b/a WAC LIGHTING CO., <br><br>Defendant. | CIVIL ACTION NO. 14-cv-12298 <br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Koninklijke Philips N.V. ("KPNV") and Philips Solid-State Lighting Solutions, Inc. ("PSSL") (collectively, "Philips") bring this complaint for patent infringement against Defendant Wangs Alliance Corporation d/b/a WAC Lighting Co. ("WAC").

## NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Philips against WAC for infringement of United States Patent Nos. 6,013,988 ("the '988 patent"), 6,147,458 ("the '458 patent"), 6,250,774 ("the '774 patent"), 6,561,690 ("the '690 patent"), 6,586,890 ("the '890 patent"), 6,788,011 ("the '011 patent"), 7,038,399 ("the '399 patent"), and 7,352,138 ("the '138 patent") (collectively, the "patents-in-suit").

## THE PARTIES

2. Plaintiff Koninklijke Philips N.V., formerly known as Koninklijke Philips Electronics N.V. is a corporation organized and existing under the laws of the Netherlands, with

a principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands.

3. Plaintiff Philips Solid-State Lighting Solutions, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3 Burlington Woods Drive, Burlington, Massachusetts 01803.

4. Upon information and belief, Defendant Wangs Alliance Corporation d/b/a WAC Lighting Co. is a corporation organized and existing under the laws of New York, with a principal place of business at 44 Harbor Park Drive, Port Washington, New York 11050.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant has made, used, provided, sold, offered to sell, imported, or distributed to others for such purposes, lighting products and systems employing light-emitting diodes ("LEDs") for illumination ("LED Lighting Devices") throughout the United States, including Massachusetts and this judicial district.

7. Upon information and belief, Defendant maintains or has maintained continuous and systematic contacts with Massachusetts and this judicial district and has committed tortious activity within the district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b), as *inter alia* the Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

9. Upon information and belief, Defendant's LED Lighting Devices include, without limitation, products under the LEDme®, dwelLED™, and InvisiLED® marks. Defendant's

2

LED Lighting Devices include ceiling lighting products, track lighting products, rail lighting products, recessed lighting products, downlight products, tape lighting products, spotlight products, pendant lighting products, chandelier lighting products, outdoor lighting products, vanities, sconces, picture lights, button lights, and other luminaire-type lighting products.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,013,988

10. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

11. On January 11, 2000, the United States Patent & Trademark Office ("Patent Office") duly and legally issued the '988 patent, entitled "Circuit Arrangement, and Signalling Light Provided with the Circuit Arrangement," to Marcel J. M. Bucks et al.  Plaintiff KPNV is the assignee and owner of the '988 patent, a copy of which is attached hereto as Exhibit A.

12. Upon information and belief, Defendant is engaged in activities that infringe the '988 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its LEDme® track lighting and downlight products, in the United States.

13. Upon information and belief, Defendant is aware of the '988 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

14. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,147,458

15. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

16. On November 14, 2000, the Patent Office duly and legally issued the '458 patent, entitled "Circuit Arrangement and Signalling Light Provided with the Circuit Arrangement," to

Marcel J. M. Bucks et al. Plaintiff KPNV is the assignee and owner of the '458 patent, a copy of which is attached hereto as Exhibit B.

17. Upon information and belief, Defendant is engaged in activities that infringe the '458 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its LEDme® track lighting and downlight products, in the United States.

18. Upon information and belief, Defendant is aware of the '458 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

19. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

## COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,250,774

20. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

21. On June 26, 2001, the Patent Office duly and legally issued the '774 patent, entitled "Luminaire," to Simon H. A. Begemann et al. Plaintiff KPNV is the assignee and owner of the '774 patent, a copy of which is attached hereto as Exhibit C.

22. Upon information and belief, Defendant is engaged in activities that infringe the '774 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its LEDme® track lighting and downlight products, in the United States.

23. Upon information and belief, Defendant is aware of the '774 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

24. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

**COUNT IV: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,561,690**

25.     Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

26.     On May 13, 2003, the Patent Office duly and legally issued the '690 patent, entitled "Luminaire Based on the Light Emission of Light-Emitting Diodes," to Christophe Balestriero et al.  Plaintiff KPNV is the assignee and owner of the '690 patent, a copy of which is attached hereto as Exhibit D.

27.     Upon information and belief, Defendant is engaged in activities that infringe the '690 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its LEDme® downlight products, in the United States.

28.     Upon information and belief, Defendant is aware of the '690 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

29.     Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

**COUNT V: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,586,890**

30.     Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

31.     On July 1, 2003, the Patent Office duly and legally issued the '890 patent, entitled "LED Driver Circuit with PWM Output," to Young-Kee Min et al.  Plaintiff KPNV is the assignee and owner of the '890 patent, a copy of which is attached hereto as Exhibit E.

32.     Upon information and belief, Defendant is engaged in activities that infringe the '890 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its LEDme® track lighting and downlight products, in the United States.

33. Upon information and belief, Defendant is aware of the '890 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

34. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT VI: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,788,011

35. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

36. On September 7, 2004, the Patent Office duly and legally issued the '011 patent, entitled "Multicolored LED Lighting Method and Apparatus," to George G. Mueller et al. Plaintiff PSSL is the assignee and owner of the '011 patent, a copy of which is attached hereto as Exhibit F.

37. Upon information and belief, Defendant is engaged in activities that infringe the '011 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its InvisiLED® Palette system, in the United States.

38. Upon information and belief, Defendant is aware of the '011 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

39. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT VII: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,038,399

40. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

41. On May 2, 2006, the Patent Office duly and legally issued the '399 patent, entitled "Methods and Apparatus for Providing Power to Lighting Devices," to Ihor A. Lys et al.

Plaintiff PSSL is the assignee and owner of the '399 patent, a copy of which is attached hereto as Exhibit G.

42. Upon information and belief, Defendant is engaged in activities that infringe the '399 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its dimmable LEDme® track lighting and downlight products and other dimmable lighting products, in the United States.

43. Upon information and belief, Defendant is aware of the '399 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

44. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

### COUNT VIII: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,352,138

45. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

46. On April 1, 2008, the Patent Office duly and legally issued the '138 patent, entitled "Methods and Apparatus for Providing Power to Lighting Devices," to Ihor A. Lys et al. Plaintiff PSSL is the assignee and owner of the '138 patent, a copy of which is attached hereto as Exhibit H.

47. Upon information and belief, Defendant is engaged in activities that infringe the '138 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling and/or importing LED Lighting Devices, including without limitation its dimmable LEDme® track lighting and downlight products and other dimmable lighting products, in the United States.

48. Upon information and belief, Defendant is aware of the '138 patent and its infringement is deliberate, willful, and in reckless disregard of Plaintiffs' patent rights.

49. Plaintiffs have been and continue to be injured by the infringing activities of Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) a declaration that Defendant infringes the patents-in-suit and a final judgment incorporating same;

(b) entry of preliminary and/or permanent equitable relief, including but not limited to a preliminary and/or permanent injunction that enjoins Defendant and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing and/or inducing infringement of the patents-in-suit;

(c) an award of damages sufficient to compensate Plaintiffs for infringement of the patents-in-suit by Defendant, together with prejudgment and post-judgment interest;

(d) a declaration or order finding that Defendant's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

(e) a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees, costs, and expenses; and

(f) such other relief deemed just and proper.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury of all issues so triable by a jury in this action.

Dated: May 28, 2014					Respectfully submitted,

/s/ Denise W. DeFranco
Denise W. DeFranco (BBO No. 558859)
denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 646-1600
Facsimile: (617) 646-1666

**Attorney for Plaintiffs
Koninklijke Philips N.V. and
Philips Solid-State Lighting Solutions, Inc.**