IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. AND PHILIPS LIGHTING NORTH AMERICA CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>WANGS ALLIANCE CORPORATION d/b/a WAC LIGHTING CO.,<br><br>Defendant. | CIVIL ACTION NO. 14-cv-12298-GAO |

## PROTECTIVE ORDER

Plaintiffs Koninklijke Philips N.V. and Philips Solid-State Lighting Solutions, Inc. and Defendant Wangs Alliance Corporation d/b/a WAC Lighting Co., the parties to this action (collectively the "parties" and individually a "party") have, through counsel, stipulated to the entry of this Stipulated Protective Order; accordingly, it is ORDERED:

1. **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

1

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order

and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4. **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information.

5. **Depositions.** Deposition testimony shall be presumptively deemed ATTORNEYS EYES ONLY for a period of thirty (30) calendar days following receipt of the final transcript by counsel for the deponent (or by the deponent if not represented by counsel). Within thirty (30) calendar days following receipt of the final transcript, the parties shall review the transcript and specifically designate portions of the transcript CONFIDENTIAL or ATTORNEYS EYES ONLY, as appropriate, by notifying all counsel of record in writing of said designation. Such designation shall be specific as to the portions of the transcript designated for

protection under this Order. Thereafter, the deposition testimony so designated shall be protected, pending objection, under the terms of this Order. If counsel for the deponent, the deponent, counsel for a party, or a party designates a portion of the deposition testimony CONFIDENTIAL or ATTORNEYS EYES ONLY on the record during the deposition, the designating person shall have the right to exclude all persons not authorized to receive such information under this Order from the deposition, or any portion thereof, before taking the designated testimony. Any such designation on the record does not relieve the designating party from thereafter making a written designation as provided above.

6. **Protection of Confidential Material.**

   (a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

   (1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, including any independent litigation support providers retained by outside counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities require access to such materials, and who are not current employees of any

party to this litigation or of any direct competitor to any party to this litigation.

(2) **Parties.** Parties and employees of a party to this Order.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after (a) such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, and (b) the procedure of Paragraph 6(f) of this Order has been satisfied.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of

any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, including any independent litigation support providers retained by outside counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities require access to such materials and who are not current employees of any party to this litigation or of any direct competitor to any party to this litigation.

(2) **In-house Attorneys for the Parties.** Up to three (3) in-house attorneys for each side as specifically identified below, and who shall execute Exhibit A hereto, as well as the non-attorney employees, whether or not listed below, whose duties and responsibilities require access to such materials to provide assistance to the in-house attorneys listed below:

    i. Plaintiff: Daniel Gaudet, Stephen Kohen, and Jonathan Andron.
    ii. Defendants: N/A.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document, provided that in the latter case, such person currently is or previously was employed by the party producing the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after (a) such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, and (b) the procedure of Paragraph 6(f) of this Order has been satisfied.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

(e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY or any document or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall be governed by Fed. R. Evid. 502. Such inadvertent production shall not constitute a waiver of, nor a prejudice to, any claim that such documents or information is CONFIDENTIAL, ATTORNEYS EYES ONLY, privileged, or protected by the work product immunity or any other applicable privilege or immunity, provided that the designating party notifies the receiving party in writing promptly after discovery of such inadvertent production. Except as set forth below, such inadvertently produced documents and all copies thereof shall be promptly returned to the designating party upon request. No use shall be made of such documents other than to challenge the propriety of the allegedly omitted designation or the asserted privilege or immunity, nor shall the documents be subsequently shown to anyone who has not already been given access to them. No demonstration or proof of error, inadvertence, excusable

neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

(f) **Notice Prior to Disclosure.** Before any person may be given access to documents or information designated CONFIDENTIAL or ATTORNEYS EYES ONLY under Paragraph 6(a)(5) or 6(b)(6), the party seeking to provide such access (the "requesting party") must give written notice to the designating party of its intention to make such disclosure, providing the person's name, address, and a curriculum vitae, and for testifying experts, including a list of all publications authored in the last ten (10) years by the person to whom disclosure is proposed. The notice must also provide for testifying experts, a list of all litigations in which the person to whom the disclosure is proposed testified within the last four (4) years. Within five (5) business days from the service of such written notice (the "notice period"), the designating party may object to such disclosure by service of a written notice of objection on the party seeking to make the disclosure, stating the reasons for the objection. The requesting party may not disclose documents or information designated CONFIDENTIAL or ATTORNEYS EYES ONLY to any such person prior to the expiration of the notice period unless consent is granted earlier by the designating party. If the designating party notifies the requesting party of its objection to disclosure (an "objection notice"), the party objecting to the disclosure may file a motion seeking to prohibit the disclosure, and that party shall have the burden of justifying the objection. The motion must be made within ten (10) business days after the date of the objection notice. Failure to file the motion constitutes consent to disclosure. If a motion is filed, the requesting party may not make such disclosure while such motion is pending.

**Prosecution Bar.** No individual who has accessed any documents or things designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under this Order may be involved in the preparation or prosecution before the United States Patent and Trademark Office or any foreign patent office of any patent, patent application, or draft or revise patent claims, supervise, or assist in the preparation or prosecution of any patent application involving the particular technology or information disclosed in such documents for a period ending two (2) years after (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims against the producing party in this action; or (iii) the individual person(s) cease to represent the receiving party or respective client in this case. For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision regarding whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reissue, substitute, renewal or convention patent applications, claim drafting, or the drafting of any such documents to be filed with the United States Patent and Trademark Office or any foreign patent office. Such prohibited prosecution activities do not include participation in reexamination proceedings, inter partes review proceedings, covered business method review proceedings, or post-grant review proceedings.

7. **Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents Under Seal.** To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) An exhibit designated for protection under this Order shall be filed under seal in accordance with the case filing procedures of this Court. The party wishing to submit any such filing, prior to or simultaneously with such filing, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment in the form attached hereto as Attachment B.

(b) Documents or pleadings containing information designated CONFIDENTIAL or ATTORNEYS EYES ONLY shall be filed with the Clerk of the Court in a sealed envelope bearing the caption of the case and the label "DOCUMENTS UNDER SEAL. CONTAINS CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY INFORMATION SUBJECT TO A PROTECTIVE ORDER" or as otherwise directed by the Court. The materials so filed will be impounded until sixty (60) days after the entry of final judgment herein, at which time the counsel who submitted the filing shall retrieve the materials and certify to opposing counsel that the materials have been so retrieved. Counsel shall retain the materials, subject to further order of the Court for thirty (30) days after the final termination of this action, including any applicable appeal period. The materials shall thereafter be handled in accordance with this Stipulated Protective Order.

(c) When filings are made under seal, the parties agree to file through the Court's Electronic Case Filing Procedures redacted versions of such filings with any Confidential or Attorneys Eyes Only information removed. In complying with this requirement, the parties shall exercise good faith in redacting Confidential and Attorneys Eyes Only Information of other parties.

8. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any

party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under the Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents Designated for Protection Under this Order.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in Paragraph 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms, including third parties who avail themselves of the terms and conditions of this Order pursuant to Paragraph 14(a).

(a) **Third Parties.** A party seeking discovery from a third party shall provide a copy of this Order to each third party required to produce documents or otherwise formally disclose information in response to discovery requests during this action. Such third parties may elect to avail themselves of the terms and conditions of this Order, and

thereby become a "designating party" or a "producing party" within the meaning of those terms as they are used in the context of this Order.

15. **Other Provisions.**

(a) If the receiving party learns that any document designated CONFIDENTIAL or ATTORNEYS EYES ONLY produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately inform the designating party of such disclosure and make a good faith effort to retrieve any information so disclosed and to prevent disclosure by each unauthorized person who received such information.

(b) In the event that any document designated CONFIDENTIAL or ATTORNEYS EYES ONLY under this Order is sought by any person or entity not a party to this action, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall promptly notify the designating party in writing if such subpoena or service demands the production of any document designated CONFIDENTIAL or ATTORNEYS EYES ONLY. Any such person or entity seeking such any document designated CONFIDENTIAL or ATTORNEYS EYES ONLY by attempting to enforce such subpoena or other legal process shall be apprised of this Order by the party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of any document designated CONFIDENTIAL or ATTORNEYS EYES ONLY covered by this Order, or to subject itself to penalties for non-compliance with any legal process or order.

So Ordered.

Dated: **January 22, 2015**　　　　　　　　　　**/s/ George A. O'Toole, Jr.**

Honorable George A. OToole, Jr.
District Judge