IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS LIGHTING NORTH AMERICA CORP., | ) ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION NO. 14-cv-12298 |
| v. | ) ) JUDGE DENISE J. CASPER |
| WANGS ALLIANCE CORPORATION d/b/a WAC LIGHTING CO., | ) ) ) ) |
| Defendant. | ) ) |

## MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Defendant Wangs Alliance Corporation d/b/a WAC Lighting Co. ("WAC" or "Defendant"), hereby moves this Court for leave to file amended counterclaims. WAC has good cause to seek this amendment at the present time, because it is necessary to address the recent allegations of Plaintiffs Koninklijke Philips N.V. and Philips Lighting North America Corp. (collectively, "Philips") that WAC's products infringe two additional patents not previously asserted in this action. A clean version of the proposed amended answer and counterclaims is attached as Exhibit A; and a redlined version of the proposed answer and counterclaims, showing changes over the Amended Answer and Counterclaims filed January 26, 2015, is attached as Exhibit B.

**I. BACKGROUND**

On May 28, 2014, Philips filed its complaint accusing WAC of infringing eight Philips patents. The deadline to amend pleadings in this matter without leave of the Court passed on

December 30, 2014.¹ On April 23, 2015, less than a month before the date of the *Markman* hearing in this case, currently scheduled for May 20, 2015, Philips served its Second Supplemental Preliminary Infringement Disclosure, which included new theories of infringement. The contentions also alleged for the first time infringement of two additional patents – U.S. Patent Nos. 7,256,554 ("the '554 Patent") and 7,737,643 ("the '643 Patent") – which relate to the same LED circuitry technology and are read against the same WAC products as the patents already in suit. *See* Dkt. No. 72, Exhibit 8, Philips' Second Supplemental Preliminary Infringement Disclosure at 5.²

The next day, April 24, 2015, Philips' counsel sought WAC's consent to a motion to amend the complaint to add the two new patents and threatened that if WAC did not consent, Philips would file a separate lawsuit asserting infringement of the '554 and '643 Patents.³ WAC offered to consent on the condition that the parties also agree to amend the claim construction schedule to allow for updated briefing and a single *Markman* hearing. WAC provided three reasons for its position: (1) Philips' unilateral expansion of the case by the assertion of the two new patents; (2) the extreme prejudice to WAC of being forced to shoehorn claim constructions for these two new patents into its theory of the case this close to a *Markman* hearing; and (3) the inefficiency and undue cost of conducting two separate claim construction briefings and oral arguments, if the two new patents were to be addressed on a different schedule than the eight patents that are already in the case. Additionally, as explained in detail in WAC's pending

---

¹ *See* Appendix C to the Report of the Parties' Planning Meeting, D.I. 20, adopted by the Court in an electronic order of November 5, 2011, D.I. 24.

² For the convenience of the Court, we refer to this document by reference to the document as it is already presented in the record rather than repeating the attachment of nearly 800 pages of exhibits.

³ *See* D.I. 65, Exhibit C for communications between the parties.

motion to amend the schedule, Philips substantially changed its infringement theories with respect to the patents that are already in the case, which seriously impacts the claim construction issues the parties will now have in dispute. *See* Dkt. No. 65.

Philips, however, rejected the proposed amendments to the schedule, and once again threatened to file a separate infringement action with respect to the '554 and '643 Patents. WAC again did not assent to the addition of the two patents without an amendment to the schedule to allow for a single claim construction briefing and argument for all patents, explaining that even if Philips brought claims regarding the new patents in a separate action, WAC would move to consolidate the actions.[4] Philips did not deny that consolidation would likely result.

Unable to persuade WAC to consent to amending the complaint on Philips' terms, Philips changed course and advised that it would no longer seek to add the '554 and '643 Patents in this action. In view of Philips' procedural maneuvering, WAC sought assurance that Philips would not assert the '554 and '643 Patents against WAC in another litigation, but Philips refused to provide such assurance, stating on May 1, 2015: "Philips has decided not to move forward with amending this Complaint. That does not mean, however, that Philips is foregoing its right to assert the '554 and '643 patents against WAC. And nothing requires Philips to assert those two patents against WAC 'imminently.' Philips will decide the appropriate time, if any, to assert its patents." D.I. 65 at Exhibit B.

Philips' refusal to reach a reasonable compromise on the claim construction schedule, and its repeated threats to assert the '554 and '643 Patents against WAC, left WAC with two choices: (1) file this Motion for Leave to File Amended Counterclaims (the "Motion") to resolve

---

[4] In separate developments on May 1, 2015, further supporting the amendment of the claim construction schedule: (1) WAC expanded its legal team to include attorneys from the law firm Radulescu LLP, who joined this case as counsel of record; and (2) this case was reassigned from Judge O'Toole's docket to this Court.

all of Philips' infringement allegations in one case; or (2) face an ongoing threat of a second litigation on substantially the same issues and products at some uncertain time in the future. In filing this Motion, WAC chooses the far more efficient option.

## II. WAC HAS GOOD CAUSE TO AMEND ITS COUNTERCLAIMS AT THIS TIME

### A. Amendment of a Pleading Is Allowable upon a Showing of Good Cause

Fed. R. Civ. P. 16 governs motions to amend pleadings after a court has entered a scheduling order.[5] *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) ("Rule 16(b) requires that the district court enter a scheduling order setting certain deadlines, including a deadline for the parties to amend the pleadings. *See* Fed. R. Civ. P. 16(b)(1)"). A court may, however, permit the amendment of a pleading upon a showing of "good cause." *Id.* Rule 16's "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 3 (1st Cir. 2013) (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

---

[5] The amendment sought through this Motion also meets the more liberal standard articulated by Rule 15. Fed. R. Civ. P. 15(a)(1)(B)(2) ("The court should freely give leave when justice so requires.") "Motions for leave to amend should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties." *Forman v. Davis*, 371 U.S. 178, 182 (1962). This Motion is brought in good faith – because Philips has repeatedly threatened to assert the '554 and '643 Patents against WAC, and therefore WAC has a reasonable apprehension of suit, amending WAC's counterclaims is the appropriate response to Philips' threats. The proposed amendment will also cause no undue delay, because the case is essentially in its infancy. This amendment is also not futile. The amendments to the counterclaims seek declaratory judgment of non-infringement of the '554 and '643 Patents by WAC's products, after Philips has disclosed its allegations of infringement relating to these two patents. Dkt. No. 65 at Exhibit B. Therefore, a controversy of sufficient immediacy and reality exists to justify WAC's counterclaims of declaratory judgment. Finally, the proposed amendment cannot possibly unfairly prejudice Philips, because the groundwork for a response to WAC's proposed counterclaims appears to have already been completed by Philips, as demonstrated in its Second Supplemental Preliminary Infringement Disclosure. To the extent Philips alleges that it would suffer any prejudice by the grant of this motion, that prejudice is purely of its own making.

This Court has stated the "good cause" standard as follows:

> The good cause test requires that the deadline in the scheduling order may not reasonably be met, despite the diligence of the party seeking the extension. The requirements of good cause are more liberal than a "manifest injustice" or a "substantial hardship" test.

*Tele-Connections, Inc. v. Perception Tech., Corp.*, 1990 WL 180707, at *1 (D. Mass. 1990).

### B.   <u>WAC Has Good Cause to Amend Its Counterclaims</u>

i.   <u>WAC's motion is timely, and WAC was diligent in bringing it</u>

The circumstances necessitating the amendment of WAC's counterclaims did not arise until Philips included allegations of infringement relating to the '554 and '643 Patents in its Second Supplemental Preliminary Infringement Disclosure on April 23, 2015. Moreover, until Philips made its infringement allegations, WAC did not have subject matter jurisdiction to assert declaratory judgment counterclaims and defenses with respect to the '554 and '643 Patents. *See Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) (explaining that to satisfy the case-or-controversy requirement in a declaratory judgment action, there need be "a substantial controversy…of sufficient immediacy and reality to warrant the issuance of declaratory judgment") (internal citation omitted). Therefore, it was impossible for WAC to amend its counterclaims by December 30, 2014, the deadline to amend pleadings set forth in the Scheduling Order. However, once it became aware of the necessity to amend, WAC wasted no time. Less than three weeks have passed since Philips unfairly surprised WAC by including these two new patents in its Second Supplemental Preliminary Infringement Disclosure, and less than ten days have passed since negotiations broke down between the parties with respect to adjusting the claim construction schedule to accommodate the addition of these patents. Thus, WAC has acted with diligence, as required by the "good cause" standard. *See, e.g., Rockingham County Nursing Home v. Harnois*, No. 11-11057-JGD, 2014 WL 176580, at *7 (D. Mass. Jan.

10, 2014) (finding good cause to amend answer over two years after deadline where defendant was diligent despite not focusing on merits until continuous settlement negotiations broke down and plaintiff filed for summary judgment); *Thomas & Betts Corp. v. New Albertson's, Inc.*, No. 10-11947-DPW, 2014 WL 6698521, at *3-4 (D. Mass. Feb. 10, 2014) (finding good cause to amend to add counter- and cross-claims where defendants were not aware they had a reasonable basis to do so until plaintiff served answers to written discovery requests); *see also Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 13-cv-03999-BLF, 2014 WL 6626227, at *1-2 (N.D. Cal. Nov. 20, 2014) (granting defendant's motion to file an amended answer, finding good cause under Rule 16 where defendant, despite diligent discovery, could not have uncovered the facts underlying its amended defense prior to the deadline to amend pleadings and promptly acted to amend upon learning the salient facts).

     ii. <u>WAC's amendment is proper and will promote efficiency</u>

  WAC intends to amend its counterclaims to include counterclaims seeking a declaratory judgment that its products do not infringe either the '554 and '643 Patents. WAC's amendment is necessary because it has reasonable apprehension of being sued on these patents in a separate action, to be brought at Philips' convenience. In a situation where, as here, the plaintiff has offered no covenant on the current products, and stated that it was not obligated to repudiate suit for future infringement, the Federal Circuit stated, "[B]y retaining that right, [plaintiff] preserved this controversy at a level of sufficient immediacy and reality to allow defendant to pursue its declaratory judgment counterclaims." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1300 (Fed. Cir. 2009). Here, Philips has disclosed its allegations that WAC's products infringe the '554 and '643 Patents, and it continues to threaten WAC with an action for

6

infringement of the two patents. D.I. 65 at Exhibit B. Therefore, a controversy of sufficient immediacy and reality exists to justify WAC's counterclaims of declaratory judgment.

Moreover, the addition of the '554 and '643 Patents to this action, and an amendment of the claim construction schedule to accommodate a single briefing and oral argument schedule for all ten patents, would allow the most economical and efficient disposition of the issues between the parties. This is so because the '554 and '643 Patents share significant similarities with other patents already asserted in this case, and the products against which they are asserted have been accused of infringing other patents currently in suit.

The technology of the newly asserted '554 and '643 Patents significantly overlaps with most of the previously asserted patents in the field of providing and controlling power to LEDs.[6] In fact, the '554 and '643 Patents share the same technology classes and even subclasses with many of the previously asserted patents (class 315, "Electric Lamp and Discharge Devices: Systems"; subclass 291, "Current and/or voltage Regulation," or subclass 224, "Impedance or current regulator in the supply circuit"): '988 Patent (class 315 / subclass 291); '458 Patent (class 315); '890 Patent (class 315 / subclass 224); '011 Patent (class 315); '399 Patent (class 315 / subclass 291); '138 Patent (class 315 / subclass 291). The technology of the patents is so similar, in fact, that two of the previously asserted patents, the '458 and '011 Patents, were cited as prior art during the prosecution of the newly asserted '554 and '643 patents.

---

[6] The '554 and '643 Patents relate specifically to "providing and controlling power to loads including one or more LEDs" using certain circuits. '554 and '643 Patents Abstracts. Likewise: the '890 Patent relates to a "driver circuit for light emitting diodes (LEDs) [that] provides power to LEDs…," '890 Patent Abstract; the '011 Patent relates to "LED systems capable of generating light, such as for illumination or display purposes," '011 patent Abstract; the '399 and '138 Patents relate to "providing power to devices…for facilitating the use of LED-based light sources on A.C. power circuits…," '399 and '138 Patent Abstracts; and the '988 and '458 Patents relate to "[a] circuit arrangement for operating a semiconductor light source…," '988 and '458 Patent Abstracts.

7

The two new patents also share the same inventor, Ihor Lys, with the '011 Patent, '399 Patent, and '138 Patent. Therefore discovery will be more efficient if all five patents were in the same case, and the inventor is deposed once.

Moreover, Philips has asserted the '554 and '643 Patents against products that it had previously accused of infringing other patents in suit. Specifically, Philips accuses "WAC's Group C LED Lighting Devices" of infringing the '554 and '643 Patents. *See* Dkt. No. 72, Exhibit 8, Philips' Second Supplemental Preliminary Infringement Disclosure at 5. Those products include:

> Model No. HR-LED211E-XX-XX and any other LED Lighting Devices using LED driver Model Nos. LD-700MA03-DIM-IS, LD-700MA03-EDIM-IS, LD-700MA09-EDIM-IS, or a substantially similar LED driver, including without limitation any LED Lighting Devices WAC identifies in response to Interrogatory No. 5 as using these drivers.

*Id.* at 4. These are the same devices, which Philips accuses of infringing the '988, '339, and '138 Patents, asserted in its complaint. Thus, the products accused of infringing the '554 and '643 Patents are already in the case, and it would be wasteful to handle the issues relating to these products and the two new patents on a separate track from the current litigation.

Because the issues presented by the addition of the '554 and '643 Patents are so similar and related to the issues presented by Philips' assertion of the original eight patents in this suit, efficiency dictates granting WAC's Motion and permitting it to amend its counterclaims to add these patents to the present action.

## III.   CONCLUSION

For the foregoing reasons, WAC respectfully requests that the Court grant this Motion.

Dated:  May 11, 2015					By:   /s/ *David C. Radulescu*

          David C. Radulescu, Ph.D. (*pro hac vice*)
          Tigran Vardanian (*pro hac vice*)
          RADULESCU LLP
          The Empire State Building
          350 Fifth Avenue, Suite 6910
          New York, NY  10118
          Telephone:  (646) 502-5950
          Facsimile:    (646) 502-5959
          david@radulescullp.com
          tigran@radulescullp.com

          Arthur P. Licygiewicz (*pro hac vice*)
          Megan D. Dortenzo (*pro hac vice*)
          THOMPSON HINE LLP
          3900 Key Center
          127 Public Square
          Cleveland, OH 44114
          Telephone:  (216) 566-5500
          Facsimile:    (216) 566-5800
          Art.Licygiewicz@ThompsonHine.com
          Megan.Dortenzo@ThompsonHine.com

          David A. Wilson  (BBO #552388)
          THOMPSON HINE LLP
          1919 M Street, N.W.
          Suite 700
          Washington, D.C.  20036-3537
          Telephone:  (202) 263-4161
          Facsimile:    (202) 331-8330
          David.Wilson@ThompsonHine.com

          *Attorneys for Defendant WAC Lighting Co.*

## LOCAL RULE 7.1 CERTIFICATION

Counsel for Defendants hereby certify under Local Rule 7.1 that counsel for Defendants conferred with counsel for Plaintiffs and attempted in good faith to resolve this issue, but were unable to reach an agreement.

>	*/s/ David C. Radulescu*
>	David C. Radulescu

## CERTIFICATE OF SERVICE

I certify that on May 11, 2015, a copy of the foregoing was filed electronically.  Notice of its filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  The parties may access this filing through the Court's filing system.

>	*/s/ David C. Radulescu*
>	David C. Radulescu

.