# EXHIBIT A

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**SMARTFLASH LLC, SMARTFLASH
TECHNOLOGIES LIMITED,**
*Plaintiffs-Appellees*

v.

**APPLE INC.,**
*Defendant-Appellant*

———————————

2015-1701

———————————

Appeal from the United States District Court for the Eastern District of Texas in No. 6:13-cv-00447-JRG, Judge J. Rodney Gilstrap.

--------------------------------------------------------------------------

**SMARTFLASH LLC, SMARTFLASH
TECHNOLOGIES LIMITED,**
*Plaintiffs-Appellees*

v.

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG
ELECTRONICS AMERICA, INC., SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC, HTC
CORPORATION, HTC AMERICA, INC., EXEDEA,
INC.,**
*Defendants-Appellants*

_____

2015-1707

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 6:13-cv-00448-JRG-KNM, Judge J. Rodney Gilstrap.

_____

Decided:  July 30, 2015

_____

BRADLEY WAYNE CALDWELL, Caldwell Cassady & Curry, Dallas, TX, argued for plaintiffs-appellees. Also represented by JASON DODD CASSADY, JOHN AUSTIN CURRY, JOHN FRANKLIN SUMMERS.

MARK ANDREW PERRY, Gibson, Dunn & Crutcher LLP, Washington, DC, argued for defendant-appellant Apple Inc. Also represented by BLAINE H. EVANSON, Los Angeles, CA; DOUGLAS HALLWARD-DRIEMEIER, KEVIN JOHN POST, Ropes & Gray LLP, Washington, DC; JAMES RICHARD BATCHELDER, East Palo Alto, CA; CHING-LEE FUKUDA, New York, NY.

CHARLES KRAMER VERHOEVEN, Quinn Emanuel Urquhart & Sullivan LLP, San Francisco, CA, argued for defendants-appellants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, HTC Corporation, HTC America, Inc., Exedea, Inc.  Also represented by MELISSA J. BAILY, KEVIN ALEXANDER SMITH.

_____

Before NEWMAN, LINN, and O'MALLEY, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* O'MALLEY.

Opinion concurring in part and dissenting in part filed by
*Circuit Judge* NEWMAN.

O'MALLEY*, Circuit Judge.*

Appellants, Apple Inc. ("Apple") and Samsung Elec-
tronics Co., Ltd., Samsung Electronics America, Inc.,
Samsung Telecommunications America, LLC, HTC Cor-
poration, HTC America, Inc., and Exedea, Inc. (collective-
ly, "Samsung"), appeal from the district court's order
denying their motions to stay patent infringement litiga-
tion pending covered business method ("CBM") review of
the asserted claims.  For the reasons set forth below, we
affirm the district court's order as to Apple, but reverse as
to Samsung.

BACKGROUND

Smartflash LLC and Smartflash Technologies Ltd.
(collectively, "Smartflash"), patent licensing companies,
filed separate suits against Apple and Samsung on May
29, 2013, alleging infringement of U.S. Patent Nos.
7,334,720 (the "'720 Patent"); 8,033,458 (the "'458 Pa-
tent"); 8,061,598 (the "'598 Patent"); 8,118,221 (the "'221
Patent"); 8,336,772 (the "'772 Patent"); and 7,942,317 (the
"'317 Patent").  Subsequently, Smartflash sued Google,
Inc. ("Google") on May 7, 2014 and Amazon.com, Inc.
("Amazon") on December 23, 2014 for patent infringe-
ment, asserting the same six patents as those asserted
against Apple and Samsung, as well as an additional
patent that issued on August 5, 2014, U.S. Patent No.
8,794,516.  All of the asserted patents relate to managing
access to data via payment information.

Throughout the course of these cases, both Apple and
Samsung filed multiple CBM petitions with the Patent
Trial and Appeal Board ("PTAB").  *See* America Invents
Act, Pub. L. No. 112-29, § 18, 125 Stat. 284, 329–31 (2011)
("AIA").  Between March 28 and April 3, 2014, Apple filed
12 separate petitions for CBM review on 35 U.S.C. §§ 102

and 103 grounds.  And, on April 3, 2014, Apple moved to stay the district court action pending CBM review.  *See* Defendants' Motion to Stay Litigation, *SmartFlash LLC v. Apple Inc.*, No. 6:13-cv-447 (E.D. Tex. Apr. 4, 2014), ECF No. 120.  On May 15, 2014, Samsung filed a motion to stay based on Apple's CBM petitions, explaining that, if the court were to grant its motion, it "would stipulate to be bound to the same extent as Apple is under § 18(a)(1)(D) of the America Invents Act."  Defendants' Motion to Stay Litigation, *SmartFlash LLC v. Samsung Elecs., Co.*, No. 6:13-cv-448 at 3 n.4 (E.D. Tex. May 15, 2014), ECF No. 149.  Because the PTAB had not yet decided whether to grant these petitions, the district court denied both motions without prejudice to refiling if any of the petitions were granted.  *SmartFlash LLC v. Apple Inc.*, No. 6:13-cv-447 (E.D. Tex. July 8, 2014), ECF No. 175; *SmartFlash LLC v. Samsung Elecs., Co.*, No. 6:13-cv-448 (E.D. Tex. Dec. 30, 2014), ECF No. 424.  On September 30, 2014, the PTAB granted Apple's petitions for CBM review on several claims, but denied review for the majority of the challenged claims, including those asserted at trial.  Neither Apple nor Samsung renewed their motions to stay.

On September 26, 2014, Samsung filed ten petitions for CBM review of all the patents-in-suit on §§ 101, 102, and 103 grounds.  Apple also filed six more petitions for CBM review between October 30 and November 24, 2014, this time only asserting that the patents covered patent ineligible subject matter.  Neither party filed a motion to stay with the district court at this time.

While the parties awaited the PTAB's decisions regarding the most recent petitions, both the Apple and Samsung cases proceeded towards trial.  Because the cases raised similar issues, the district court held joint hearings on claim construction, dispositive motions, and the parties' *Daubert* challenges during 2014, conducted a joint pretrial conference in January 2015, and denied both

defendants' motions for summary judgment of invalidity under § 101. It also set a February 2015 trial date for Apple—postponing Samsung's trial until after the conclusion of Apple's trial. Thereafter, the district court held two additional pretrial conferences for the Apple case and the case went to trial. After a six day trial in the Apple case, the jury returned a verdict in favor of Smartflash on February 24, 2015. *See Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447 (E.D. Tex. Feb. 24, 2015), ECF No. 503. Briefing on post-trial motions then began, and the court scheduled a hearing on those motions for July 1, 2015.

In late March and early April 2015, the PTAB instituted CBM review in seven proceedings filed by Apple and Samsung on all asserted claims of the '221, '720, '458, '598, and '317 Patents on § 101 grounds. On May 28, 2015, the PTAB also instituted CBM review on the asserted claims of the '772 Patent on § 101 grounds. In light of these decisions, on April 10, 2015, Samsung filed a "renewed" motion to stay all proceedings pending CBM review, and on April 23, 2015, Apple filed a motion to stay post-trial activity in its case, or, in the alternative to stay entry of final judgment, pending CBM review.

The district court denied both of these stay requests. The court did, however, *sua sponte* stay the actions against Google and Amazon.[1] *Smartflash LLC v. Apple Inc.*, Nos. 6:13-cv-447, 2015 U.S. Dist. LEXIS 70259 (E.D. Tex. May 29, 2015) ("*Stay Op.*"). The district court wrote

---

[1]   After Apple and Samsung filed their motions to stay pending CBM review in spring 2015, the district court *sua sponte* ordered Google and Amazon to file briefing on the issue of whether their cases should also be stayed pending the CBM reviews instituted on the '221, '720, '458, '598, and the '317 Patents. Neither party filed a motion to stay pending CBM review prior to this order.

a lengthy opinion analyzing the stay requests and explaining his ruling with respect to the four pending related actions.   With respect to Apple, the district court's analysis focused on the timing of Apple's motion to stay, which was two months *after* the jury trial, and the fact that only the resolution of the parties' post-trial motions remained before the case could be appealed to this Court. Because "seeing the case to its conclusion maximizes judicial and party resources and discourages gamesmanship in filing CBM petitions," the district court concluded that a stay of the Apple litigation was unwarranted.   *Id.* at *89 (quotation omitted).   Similarly, the district court considered the significant resources already expended in the Samsung case and Samsung's decision to wait until sixteen months into the litigation to file a CBM petition asserting § 101.   Because the case was on the eve of trial and an appeal to the Federal Circuit of both Samsung and Apple's district court cases would be resolved before an appeal from a final PTAB decision, the district court concluded that the cases should proceed as scheduled. Because the actions against Google and Amazon remained in the early stages of litigation, the court found a stay of those actions to be appropriate even though there necessarily would be an overlap with respect to many of the issues to be decided.

Appellants timely filed interlocutory appeals to this Court. Apple further filed a motion to stay entry of final judgment and/or expedite appeal and Samsung filed a motion to stay district court proceedings pending appeal and to expedite briefing.   Two days before oral argument, the district court vacated the jury's damage award and ordered a new trial on damages to begin on September 14, 2015.   *See Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447 (E.D. Tex. July 7, 2015), ECF No. 581.   After oral argument this Court, *sua sponte*, granted both parties motions for temporary stays pending disposition of these appeals.

We have jurisdiction pursuant to § 18(b) of the AIA.

DISCUSSION

On appeal, both Apple and Samsung challenge the district court's decision not to stay their cases. In light of the PTAB's decision to institute CBM review on all asserted claims under 35 U.S.C. § 101, both argue that the district court should have stayed the litigation pending the PTAB's eligibility determinations because those decisions could end both cases without any further proceedings, either at the district court or in this one. Apple goes so far as to ask this Court to create a bright line rule mandating stays whenever CBM review is granted on all relevant patent claims, without regard to the state of the litigation. Oral Arg. at 9:14–55, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2015-1701.mp3.

Under the AIA, parties may request a stay of district court litigation pending CBM review, but a stay is not obligatory. Rather, under § 18(b)(1), the district court is required to weigh four factors to determine whether to stay the case:

> (A) whether a stay, or denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the moving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1). These factors include the three factors courts traditionally have considered when deciding whether a stay of litigation is appropriate pending administrative review in the PTO (prejudice to the non-moving party, the state of the litigation, and simplification of the issues) and a fourth—a consideration of the burdens of litigation. Though these factors are statutory, considera-

tion of them in a particular case remains committed to the district court's discretion. *See Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, 767 F.3d 1383, 1385–86 (Fed. Cir. 2014); *see also NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) ("A district court has the inherent power to control its own docket, including the power to stay proceedings before it." (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997))). We, thus, review a district court's stay decision for abuse of discretion except to the extent necessary "[t]o ensure consistent application of established precedent." *Benefit Funding*, 767 F.3d at 1385. As discussed below, based on this record and the district court's thorough analysis, we see no reason "to conduct [a] more searching review." *Id.*

## A. Apple's Motion to Stay

### Factor (A): Simplification of the issues in question and potential to streamline the trial

The district court concluded that the first factor in § 18(b)(1) weighed against a stay because there was "nothing left to simplify" as the district court and the jury had already decided nearly every potential issue, including the § 101 issue. *Stay Op.* at *71. Thus, the district court determined that the simplest way for the § 101 dispute to be resolved now was to allow the district court litigation to reach this Court. *Id.* at *72. We agree that this factor does not favor a stay.

Apple does not dispute that "[g]enerally, the time of the motion is the relevant time to measure the stage of litigation. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). Nor can Apple dispute that it filed its motion post-trial, a point in time when the possibility that the issues will be simplified is greatly diminished. *Id.* at 1314. Apply argues, however, that there is a good chance that it will prevail on one or more post-trial motions or prevail on one or more issues

on appeal that could result in a remand. Either way, Apple argues that the litigation could remain ongoing. And, Apple asserts that, because a CBM review that results in invalidation of the patents at issue would dispose of the entire litigation, the litigation issues necessarily would be simplified. That is, Apple points out, "The ultimate simplification of the issues." *Id.*

But the first factor relates to the simplification of the issues before the trial court. In its entirety, the focus of this factor is on streamlining or obviating the trial by providing the district court with the benefit of the PTO's consideration of the validity of the patents before either the court or the jury is tasked with undertaking that same analysis. *See NFC Tech.*, 2015 WL 1069111, at *4–5. When the motion to stay is made post-trial, many of the advantages flowing from the agency's consideration of the issues—such as resolving discovery problems, using pre-trial rulings to limit defenses or evidence at trial, limiting the complexity of the trial, etc.—cannot be realized. The simplification contemplated by the first factor is far less likely to occur once all the legal, procedural, and evidentiary issues involved in a trial have already been resolved.

Apple attempts to mitigate these realities by noting that, since the beginning of this appeal, the district court vacated the jury's damage award and ordered a new trial on damages to begin on September 14, 2015. In light of this new development, Apple argues that this case is no longer only a single post-trial order away from final appellate review, and that significant work remains. As this Court has recognized, a court may "take[] judicial notice of post-appeal developments . . . when assessing the propriety of a trial court's ruling on a motion to stay premised on the existence of a pending CBM[] proceeding," so long as it only considers the fact that such an event occurred and not the propriety of such developments. *Intellectual Ventures II LLC v. JPMorgan Chase*

*& Co.*, 781 F.3d 1372, 1374 n.4 (Fed. Cir. 2015) (citing *VirtualAgility, Inc.*, 759 F.3d at 1312–13).   But taking judicial notice of this fact does not change our conclusion that this factor does not favor a stay.

The district court and a jury have already addressed infringement and invalidity issues, which are the only questions common to the two proceedings which could be "simplified" by agency review.   The new trial is limited solely to a consideration of the appropriate measure of damages—an issue with which the PTO is not concerned.   Although we may take judicial notice of the fact of the trial court's post-trial order, we may not, in the first instance, conduct an analysis of what the new trial may entail, how long it may take, or the complexity of the issues therein.   Moreover, the trial court did not revisit the request for a stay after ordering a new trial, indicating that it did not believe the new trial impacted its reasoning.

Ultimately, the existence of a new damages trial does not alter our finding that the district court did not err when assessing this factor.[2]

Factor (B): Whether Discovery is Complete and Whether a
Trial Date has been Set

Turning to the second factor, the district court determined that the status of the case weighed heavily against granting a stay.   *Stay Op.* at *75–79.   Specifically, it noted that, not only was discovery complete and a trial date set,

---

[2]   Under our jurisprudence, the damages proceedings could be bifurcated from the liability determination such that we could review an appeal from the district court even though the damages determination is still outstanding.   *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319–20 (Fed. Cir. 2013).

but a jury had already rendered a verdict on February 24, 2015.  The district court also considered Apple's lack of diligence in filing its petitions for CBM review on § 101 grounds.  The district court concluded that this delay—over seventeen months from start of the case—negated the intent of the CBM review process, which was designed to provide a cost-effective alternative to litigation and to reduce the burden on the courts.  *Id.* at *78 (citing 157 Cong. Rec. S1367 (Mar. 8, 2011) (statement of Sen. Kyl)).  The district court further explained that granting Apple's motion to stay "at the latest conceivable stage of district court litigation" would "encourage parties to misuse CBM review."  *Id.* at *77–78.

Apple disagrees that this factor weighs heavily against a stay, contending that the stage of this litigation does not preclude the issuance of a stay because even a stay post-trial would avoid wasting judicial resources to resolve post-trial motions and any resulting appeal.  Apple also argues that it was improper for the district court to consider the timeliness of Apple's CBM petitions because there is no statutory deadline to file such a petition.

We agree with the district court that this factor weighs against a stay.  At the time of Apple's motion to stay on April 23, 2015, discovery had been complete since September 2014, and there had been a six day jury trial.  Apple downplays these facts, arguing that the work yet to be done in the case is still significant, but Apple's argument addresses whether a stay would reduce the burden of litigation on the parties and on the court—a different and separate factor in the analysis—and does not alter the finding that discovery is complete and there has been a jury trial.  *See VirtualAgility, Inc.*, 759 F.3d at 1313 ("We cannot, as VA requests, collapse the four-factor test expressly adopted by Congress into a three-factor test.").  While there may be circumstances where a stay is appropriate post-trial, on this record, where Apple filed its

motion to stay well until after the jury had rendered its verdict, the stage of litigation factor clearly favors a stay. And the existence of a new damages trial does not modify this conclusion, both for the reasons previously noted and because a trial date has already been set for September 14, 2015.

We also find Apple's argument regarding its diligence in filing unpersuasive. The district court considered the timing of these petitions in order to assess the state of the proceeding when Apple actually filed its petitions and when it *could have* filed its petitions. *Stay Op.* at *75-78. Finding Apple could have reasonably raised § 101 issues in petitions well before three months prior to trial, the district court concluded that, but for Apple's own decision to delay filing its petitions, the stage of the litigation had progressed to a point that no longer justified a stay. We see no error in this analysis. It was not an abuse of discretion for the district court to consider *why* the litigation was so advanced. And, although Apple argues its delay in filing its CBM petitions on § 101 grounds was justified in light of the Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), which issued in June 2014, *Alice* did not create a *new* § 101 defense, but rather clarified § 101 jurisprudence. A party cannot wait to assert an *available* defense as litigation marches on and then argue that the stage of litigation facing the court is irrelevant to its right to a stay. In any event, the Supreme Court issued *Alice* in June 2014 but Apple did not file its petition until late October 2014, four months later. Without any explanation for this additional delay, we find no special circumstances that would justify an extended grace period for filing a CBM petition.

Accordingly, we find that the timing factor, although not of significant weight, mitigates against a stay.[3]

Factor (C): Undue Prejudice or Tactical Advantage

The district court concluded that the undue prejudice factor also weighed against a stay.  By waiting until the eve of trial to pursue CBM proceedings on § 101 grounds, the district court determined that Apple had multiple opportunities to challenge the eligibility of the asserted patents in two separate forums, which gave Apple a clear tactical advantage over Smartflash.  *Stay Op.* at *83. Thus, even though there was no undue prejudice to Smartflash because Smartflash does not compete with Apple, the district court found that this factor disfavored a stay.  *Id.* at *82–83.

Apple disputes these findings, arguing that the district court erred when it determined that Apple improperly gained the opportunity to challenge the validity of Smartflash's asserted patents in multiple forums.  According to Apple, the entire purpose of CBM review is to create an *alternative avenue* to challenge the validity of a claim, thus, the district court's decision to weigh this fact against it is illogical.  Additionally, Apple argues against any finding of tactical advantage, asserting that it is actually at a disadvantage now because it must continue to litigate its case, whereas the cases against its competitors, Google and Amazon, have been stayed.  We find these arguments unpersuasive.

Congress enacted the AIA, in part, to address concerns about business method patents.  With this Court's

---

[3]   Although delay in filing a CBM petition is not one of the express factors listed in § 18(b)(1), it is not improper for the trial court to have considered traditional equitable factors, such as unclean hands, in its analysis.

decision in *State Street Bank & Trust Co. v. Signature Financial Group, Inc.*, 149 F.3d 1368 (Fed. Cir. 1998), the test for patent eligibility greatly expanded until the Supreme Court's decision in *Bilski v. Kappos*, 561 U.S. 593 (2010), which significantly curtailed the patentability of business methods. As a result of "[t]his judicial expansion and subsequent judicial retraction of U.S. patentability standards . . . a large number of business-method patents" issued that may not be valid. 157 Cong. Rec. S1379 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl). Through the enactment of Section 18 of the AIA, Congress sought to clarify this confusion by providing "a relatively inexpensive administrative alternative to litigation for addressing disputes concerning the validity of [CBM] patents." 157 Cong. Rec. S1379 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl); *see also* 157 Cong. Rec. S1364 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (noting that the fundamental purpose of the CBM review process is "to provide a cost-efficient alternative to litigation").

But in order to realize Congress's intent to establish an *alternative* to district court litigation for CBM issues, parties must file CBM petitions in a manner that facilitates this goal. We recognize that there is no statutory deadline to file a CBM petition, unlike other post-grant proceedings, but we nevertheless conclude the timing of the petitions in this case created a tactical advantage for Apple. *See VirtualAgility, Inc.*, 759 F.3d 1319–20 (considering the timing of a CBM petition to assess whether a party sought to gain a tactical advantage or had a "dilatory motive"). By waiting to submit its petitions until almost the eve of trial and well after it filed its motion for summary judgment on the § 101 issue, Apple was able to first pursue its § 101 defense at the district court and then at the PTAB. As the district court correctly found, this strategy thus afforded Apple multiple opportunities to pursue a single defense—a clear tactical advantage.

*See Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 484 (E.D. Va. 2014) ("[T]wo separate opportunities in two separate forums to challenge the validity of Plaintiffs' patent does raise a concern of an unfair tactical advantage, giving them two bites of the apple as to a central defense.").

This finding is not negated by the alleged prejudice now suffered by Apple. The district court did not arbitrarily decide to stay Google and Amazon, but not Apple. Rather, the district court carefully considered the statutory factors for each party, taking into account the stage of each litigation. Because the cases involving Google and Amazon were still in their relative infancy, the factors weighed in favor of a stay, while in Apple's case, they did not. Thus, Apple's arguments related to its prejudice are unpersuasive, especially considering that its suffering is largely self-inflicted. Therefore, we find that this factor does not weigh in favor of a stay.

Factor (D): Burden of litigation on the parties and on the court

Finally, the district court found that the fourth factor weighed against a stay. *Stay Op.* at *89. Recognizing the potential benefits of a CBM review in reducing litigation costs, the district court nevertheless found that those benefits did not exist here. Specifically, because Apple waited to file its petitions, the district court found that it and the parties had already spent substantial time and resources on the litigation, as evidenced by the six day jury trial, the hundreds of pages of court-issued orders and opinions, and the thousands of pages of briefing and exhibits submitted by the parties. The district court also explained that, under the current post-trial schedule, the parties could appeal the entire litigation to this Court prior to any appeal from a PTAB final determination. Thus, the district court determined that it was more efficient not to stay the case. The district court found this

to be true even if it were to ultimately order a new trial on damages.[4]

Apple alleges that the district court erred in its decision, because it improperly focused on the resources already expended in litigation (i.e., sunk costs) and failed to properly consider the reduction in the burden of remaining litigation. This burden is significant, according to Apple, especially considering that the district court did actually order a new damages trial. If this Court were to reweigh the evidence, Apple argues that this factor would favor a stay.

As previously indicated, we may consider the new damages trial in our review of the district court's decision. But this fact does not alter our ultimate conclusion that the district court properly considered whether a stay, or the denial thereof, would reduce the burden of litigation on the parties and on the court. In reaching its decision, the district court found that "the vast majority of civil li[ti]gation costs have already been spent and the heavy burden of litigation has already fallen upon the Court." *Id*. at *86. We see no error in this conclusion.

The primary cost of litigation is incurred pretrial and in a trial on the merits. *See* Am. Intell. Prop. Law Ass'n, Report of the Economic Survey 34 (2013). Where a case has advanced past trial, it is not unreasonable for a district court to conclude that it is more efficient to resolve all the post-trial motions so that the case can be appealed. This is especially true here, where the district court is intimately familiar with the case, the technology, and the patents at issue after hearing six days of evidence

---

[4] At the time of the district court's order, Apple had filed a motion for a new trial on damages, but the district court had yet to rule on it.

and testimony.  *See VirtualAgility, Inc.*, 759 F.3d at 1314 n.4 ("[T]he reduced burden of litigation factor may implicate other considerations, such as the number of plaintiffs and defendants, the parties' and witnesses' places of residence, issues of convenience, the court's docket, and in particular its potential familiarity with the patents at issue."); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846, 2013 U.S. Dist. LEXIS 168683, at *50 (N.D. Cal. Nov. 25, 2013) ("[T]he Court finds it would be most efficient . . . to move forward with post-trial motions concerning the damages retrial and finally enter a final judgment in this case so that the Federal Circuit may review the *entire* case on appeal including the validity of all of Apple's patents as soon as possible.").  And although Apple argues that the district court improperly weighed the sunk costs in its analysis, such considerations can be informative, so long as they are viewed in the context of how much work remains, which the district court did in this case.  Even with a limited retrial on damages, the ongoing burden of litigation on the parties and the district court is minimal compared to the substantial effort already expended by all involved in this case.  Accordingly, we see no error in the district court's conclusion that a stay would not reduce the burden of litigation on the parties and on the court.

Here, all four factors weigh against a stay in this case. On this record, we conclude that the district court did not abuse its discretion when it denied Apple's motion to stay.

## B.  Samsung's Motion to Stay

As an initial matter, Samsung disputes at what point the court should measure the stage of litigation for the purposes of the stay analysis.  Samsung argues that, because its April 10, 2015, motion was a "renewed" motion to stay, the district court erred when it failed to consider May 2014—when Samsung filed its first motion to stay—as the relevant time for application of the

§ 18(b)(1) factors.  We disagree.  Samsung's April 2015 motion was wholly unrelated to its May 2014 motion; Samsung's second motion to stay was based on entirely different CBM petitions.  Accordingly, the relevant time to measure the stage of litigation in Samsung's case is when Samsung filed its second motion to stay, not its first.  *See VirtualAgility, Inc.*, 759 F.3d at 1317.

Even if April 2015 is the appropriate benchmark, Samsung submits that the district court's analysis was flawed because it failed to properly consider the significant proceedings that remain in the case, including trial.  Despite the trial court's careful consideration of the factors involved and with due deference to the court's right to exercise its discretion in the face of a stay request, we ultimately agree with Samsung.

Using essentially the same reasoning that it applied to Apple, the district court concluded that all four stay factors weighed against granting Samsung's motion to stay.  We agree that much of our preceding analysis for Apple applies to Samsung.  But the critical distinction between the Apple and Samsung cases is that Samsung has yet to go to trial.  This fact affects the analysis of two of the four factors: simplification of the issues and reduction of the burden of litigation on the parties and on the court.  While the district court is extremely familiar with the Apple case at this juncture, there are different claims at issue and different accused technology in the Samsung case.   Oral Arg.  at  30:18–31:24, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 15-1707.mp3.  Additionally, the Samsung case involves three co-defendants: Exedea, Inc.; the Samsung entities; and the HTC entities.  The trial will involve fact witnesses from overseas and require the use of interpreters for some foreign witnesses.  The additional complexities and cost of the Samsung trial counsel us to find that these two factors weigh in favor of a stay.

We recognize that, originally, the Samsung trial was set for trial at the same time as the Apple case, but was rescheduled in January 2015 to allow the parties to take advantage of the district court's rulings following the Apple trial. *Slip Op.* at *92–93. Therefore, when Samsung filed its latest CBM petitions in September and October 2014, it was mere months away from its trial date. As it was with Apple, this delay is not irrelevant to the stay analysis. Ultimately, we do not believe either that fact or the overlap in the legal and evidentiary issues between the Apple and Samsung cases is enough to tip the scales in favor of a stay.

Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial. *See VirtualAgility, Inc.*, 759 F.3d at 1314 (finding that "where CBM review has been granted on all claims of the only patent at issue, the simplification factor weighs heavily in favor of [a] stay" and may "entirely eliminate" the burden of litigation). It is true, moreover, that our resolution of the Apple appeal may impact or streamline the issues to be decided in the Samsung case. Because the district court did not properly consider the significance of this fact in its analysis, we find that the district court abused its discretion when it denied Samsung's motion to stay. And, on balance, we conclude that the totality of the factors weigh in favor of a stay.

## Conclusion

For the foregoing reasons, we affirm the district court's order denying Apple's motion to stay the district court proceedings pending CBM review. But we reverse its order denying Samsung's motion to stay and remand with instructions to grant the motion. In light of this decision, we vacate the temporary stays pending disposi-

20                              SMARTFLASH LLC v. APPLE INC.

tion of these appeals entered on July 10, 2015.  We also
hereby expedite issuance of the mandate in this matter.

### AFFIRMED AS TO APPEAL NO. 2015-1701

### REVERSED AS TO APPEAL NO. 2015-1707

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**SMARTFLASH LLC, SMARTFLASH TECHNOLOGIES LIMITED,**
*Plaintiffs-Appellees*

**v.**

**APPLE INC.,**
*Defendant-Appellant*

_____

2015-1701

_____

Appeals from the United States District Court for the Eastern District of Texas in No. 6:13-cv-00447-JRG, Judge J. Rodney Gilstrap.

------------------------------------------------------------------------

**SMARTFLASH LLC, SMARTFLASH TECHNOLOGIES LIMITED,**
*Plaintiffs-Appellees*

**v.**

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, HTC CORPORATION, HTC AMERICA, INC., EXEDEA, INC.,**
*Defendants-Appellants*

_____

2015-1707

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 6:13-cv-00448-JRG-KNM, Judge J. Rodney Gilstrap.

_____

NEWMAN, *Circuit Judge,* concurring in part, dissenting in part.

I concur in the court's decision to stay further proceedings with respect to the Samsung litigation. However, the stay should also be applied to defendant Apple. Although the proceedings against Apple have gone to trial, a new trial has been ordered with respect to damages, and the reasons for separating the several defendants may not exist if intervening events in the PTO materially change the status of the patents-in-suit. The post-grant PTO proceedings for the SmartFlash patents are progressing on an expedited schedule, wherein the Patent Trial and Appeal Board (PTAB) has already held that the Smart-Flash patents are Covered Business Method (CBM) patents and that it is "more likely than not" that claims are invalid. 35 U.S.C. §324(a).

My colleagues require that the litigation against Apple nonetheless proceed, to a complex new damages trial, certain to be followed by post-trial proceedings on all of the issues of validity and infringement, then also certain to be followed by appeals—while the PTO will have completed its post-grant review of these CBM patents that have already been described by the PTAB as "more-likely-than-not" invalid under section 101. The court cannot remain oblivious to the reports that, as of June 20, 2015, the PTO has invalidated every claim for which it has instituted CBM review based on section 101. There have

been no exceptions since the inception of the America Invents Act.  *See* Robert R. Sachs, *The One Year Anniversary: The Aftermath of #Alicestorm*, BILSKIBLOG (June 20, 2015),                    *available*                    *at* http://www.bilskiblog.com/blog/business-methods/ (reporting PTO statistics on review of business method patents).

It cannot be ignored that under the protocols of postgrant PTO review, claims are more easily invalidated by the PTO tribunal than in the district court.  In *In re Cuozzo Speed Technologies, LLC*, No. 14-1301 (Fed. Cir. July 8, 2015),[1] the court held that the PTAB may apply what's called the "broadest reasonable interpretation" to claims of issued patents, thus rendering the claims more vulnerable to invalidity than if reviewed on the legally correct claim interpretation.  In addition, in PTAB proceedings unpatentability is determined by preponderance of the evidence, whereas in the district court invalidity requires clear and convincing evidence, which in this case is accompanied by the deferential standard applied to jury verdicts.

In enacting the America Invents Act, it was recognized that the possibility of concurrent district court and PTO proceedings, with the same patents and the same issues, could lead to a variety of concerns.  Thus, this court is authorized to review "stay" rulings, with the goal of establishing reasonably consistent national standards to guide district courts and litigants.  As applied to the case here at bench, the only question is whether, in light of the stay that is today granted to co-defendant Samsung and that the district court previously granted to co-

---

[1]    The initial panel opinion and dissent in *Cuozzo* issued on February 4, 2015. 778 F.3d 1271 (Newman, J., dissenting).  A revised panel opinion and dissent issued on July 8, 2015.  On the same day, the court by 6 to 5 vote denied rehearing en banc.

defendants Google and Amazon, the proceedings against Apple should continue at this stage.

The inequity, as well as the inefficiency, of continuing against Apple overpowers my colleagues' reasoning that since the Apple trial process is fairly well advanced, it should continue to the scheduled retrial of damages and completion of the district court proceedings. (I cannot guess whether any appeal of the district court decision would also proceed expeditiously in the Federal Circuit if the PTO proceedings remain pending.) The reasonable possibility that the patent landscape will be altered, while requiring Apple to proceed while staying the proceedings against Samsung, Google, and Amazon, provides inequities that outweigh any convenience of wrapping up the district court proceedings against Apple, especially in view of the possibility of remand or other accommodation of any change in the patent landscape.

Equity counsels in favor of uniform treatment of defendants equally at risk, and pragmatism requires that the courts take notice of the PTO's decision to institute CBM review based on the section 101 challenge to all of the SmartFlash claims in suit. I outline my concerns with the ruling of the panel majority:

1. CONCURRENT PTO AND DISTRICT COURT PROCEEDINGS—

After SmartFlash sued all of the defendants for patent infringement, and the district court implemented the then-reasonable procedure of trying the case against Apple first, Apple and Samsung initiated post-grant review under the newly enacted America Invents Act, selecting the procedure relating to covered business method patents. The PTAB accepted the petitions to institute review, implementing the requirement of 35 U.S.C. §324(a) (requiring threshold determination that it is "more likely than not that at least 1 of the claims . . . is unpatentable").

In view of the ongoing PTO proceedings, the possibility arises whereby the theory of patent validity presented at the Apple trial might change as to the other defendants. It is no longer clear that the Apple decision in the district court could serve as the model for which it was intended, depending on the outcome of the CBM proceeding in the PTO.

Thus the fact of the concurrent proceedings, even without my other reasons, weighs in favor of a stay against Apple if there is to be a stay against Samsung, whose trial was scheduled for September 14, 2015.

2. THE PTAB DECISION TO INSTITUTE CBM REVIEW—

Section 324(a) provides: "The determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable." On the "broadest reasonable" claim construction, and in view of the "more likely than not" determinations and the unreviewability at the threshold[2] of the decision to institute post-grant review, the SmartFlash claims at this stage are not cloaked in optimism.

The PTO has stated that a district court's determination does not provide collateral estoppel and is not *res judicata* against PTAB determinations. *See, e.g., Interthinx, Inc. v. Corelogic Sols., LLC*, No. CBM2012-00007 (P.T.A.B. Jan. 30, 2014) ("[W]e conclude that *res judicata* and collateral estoppel do not limit the Board's ability to decide the challenges at issue . . . ."). Much remains to be

---

[2]    Although this court held in *Versata Development Group, Inc. v. SAP America, Inc.*, No. 2014–1194, 2015 WL 4113722 (Fed. Cir. July 9, 2015), that any issues relevant to the decision to "institute" are subject to review on appeal of final judgment, the court sustained the restriction on interlocutory appeal of the threshold determination of whether to institute post-grant review.

resolved; the present state of uncertainty of law and procedure, and the ongoing search for the optimum mechanism for determining patent validity, weigh heavily on the side of staying the Apple proceedings, rather than continuing to finality in the district court.

The issue is not simply that of deference between tribunals of different assignments, nor of constitutional dimension as to the relationship between the judiciary and an executive agency. Included must be the overarching concern for serving the national interest in technological advance, and how best to achieve it. Until these issues are resolved, prudent adjustment is appropriate.

3. UNANSWERED QUESTIONS OF STANDARDS OF REVIEW AND THE APPELLATE OBLIGATION—

On continuing with the Apple litigation in the district court, as the panel majority today orders, it is far from clear how the appellate process will proceed. What happens to possibly conflicting rulings? Are we creating another race-to-the-courthouse, where the interests of justice succumb to the fleet of foot, or the deepness of the pocket? This court is already burdened with irregular precedent, as in *Fresenius*, where a panel sustained the district court's final judgment of validity and infringement, and then held that since post-judgment damages remained for determination, the Federal Circuit's affirmance of the district court's judgment gave way to the Federal Circuit's sustenance of the PTO's later determination of invalidity. *Fresenius USA, Inc. v. Baxter Int'l, Inc.* 721 F.3d 1330, 1344, 1347 (Fed. Cir. 2013) (Newman, J., dissenting).

Stay of district court proceedings as to Apple would acknowledge the CBM review in the PTO, and the PTAB's expert determination would, at a minimum, be available for application to all defendants. And meanwhile, I urge the communities of innovators, competitors, and legislators, to collaborate to design a system of innovation

incentive, competitive fairness, and post-grant review that best serves the nation.

### 4. THE FACTOR OF JUDICIAL ECONOMY—

My colleagues state that the district court's investment in the Apple case should not be wasted, in the interest of judicial economy. My colleagues state that "the only questions common to the two proceedings which could be 'simplified' by agency review" are "infringement and validity." Maj. Op. at 10. Indeed so! What else is there?

Here, to press forward with active Apple litigation, followed inevitably by post-trial disputes as to all of the issues decided by the judge and the jury, and undoubtedly the appeal, offers scant judicial efficiency. The PTO has already determined that it is more likely than not, that at least some of the claims in suit are invalid, and it is also possible that the damages proceeding would be affected if only some of the claims survive in the PTO. In such likelihoods, any judicial investment in the trial proceedings thus far conducted will not be satisfied.

CBM review of the SmartFlash patents is now proceeding, apparently with weight on section 101. The litigation efficiencies extolled by the panel majority may diminish, if new grounds of invalidity become available to Samsung and the other stayed defendants. This factor should not be overlooked.

### 5. LITIGATION DELAY—

Apple stresses that SmartFlash would not be prejudiced by delaying the district court proceedings, for SmartFlash is not a market competitor, and is compensated by money damages based on infringement by the defendants, rather than by profits from its own sales. While the past litigation expense has been sunk, this is not a sound reason to add additional litigation expense, starting with the scheduled new trial of damages, when

validity has been facially challenged under the new America Invents Act procedures.

My colleagues deem it a fatal flaw that Apple did not request CBM post-grant review of the SmartFlash patents earlier in this litigation. However, this timing accords with the Supreme Court's action on the *Alice Corporation* case, first the petitions to the Court, then the grant of certiorari in 2013, then the briefing and argument and widespread amicus participation, and then the Court's decision reported at *Alice Corporation v. CLS Bank International*, 134 S. Ct. 2347 (2014). That Apple waited while this section 101 issue was wending its way to Court review and resolution was not imprudent, for the section 101 arguments in the PTO take their guidance from the Court's rulings in *Alice Corporation*. That it took Apple only four months thereafter to apply *Alice Corporation* to the complex new CBM procedures is not grounds for punishing Apple for tardiness.

My colleagues also criticize Apple for "first pursu[ing] its § 101 defense at the district court and then at the PTAB." Maj. Op at 14. Indeed, one wonders what else Apple might have done, for surely it would have been imprudent to discard either of these paths of defense—such scold is unfair.

6. MY PREFERENCE—

The only difference between Apple and Samsung as defendants is that the Samsung case was placed on a later calendar, as the district court reasonably chose to proceed with one case at a time, moving the cases against Google and Amazon even further into the future. But the landscape changed after the Court decided *Alice Corporation*, and even more so after experience was gained with the CBM section of the America Invents Act. In view of the PTO's institution of post-grant review of all of the claims in suit, it is fair and just that all of the defendants be treated equally, and thus that the stay be granted to

SMARTFLASH LLC v. APPLE INC.                    9

all.  From my colleagues' contrary decision as to Apple, I respectfully dissent.