**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS LIGHTING NORTH AMERICA CORP., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| WANGS ALLIANCE CORPORATION d/b/a WAC LIGHTING CO., | ) ) ) |
| Defendant. | ) |

CIVIL ACTION NO. 14-cv-12298

JUDGE DENISE J. CASPER

**DEFENDANT'S NOTICE OF INSTITUTION DECISIONS REGARDING PETITIONS
FOR *INTER PARTES* REVIEWS BEFORE
THE U.S. PATENT & TRADEMARK OFFICE**

Defendant Wangs Alliance Corp. d/b/a WAC Lighting Co. ("WAC") submits this notice enclosing the Institution Decisions issued by the U.S. Patent & Trademark Office ("USPTO") on November 25, 2015, regarding WAC's Petitions for *Inter Partes* Review ("IPR") of seven of the eight patents-in-suit. **The USPTO instituted six of the seven IPRs sought by WAC.**[1]  Copies of the USPTO's Institution Decisions are attached hereto as Exhibits 1-7:

| Exhibit No. | IPR Case No. | Patent No. |
|---|---|---|
| 1 | IPR2015-01287 | 6,013,988 |
| 2 | IPR2015-01289 | 6,147,458 |
| 3 | IPR2015-01290 | 6,250,774 |
| 4 | IPR2015-01291 | 6,561,690 |
| 5 | IPR2015-01292 | 6,586,890 |

---

[1] For the '988, '774, '138, and '399 patents, the USPTO instituted a trial with respect to all of the asserted claims. For the '690 patent, the USPTO instituted a trial on claim 1, but not claims 5 and 6. For the '890 patent, the USPTO instituted a trial on claims 15 and 23, but not claims 7 and 31. The USPTO declined to institute a trial with respect to the asserted claims of the '458 patent.

| Exhibit No. | IPR Case No. | Patent No. |
|---|---|---|
| 6 | IPR2015-01293 | 7,352,138 |
| 7 | IPR2015-01294 | 7,038,399 |

The USPTO's decisions militate strongly in favor of the Court granting WAC's pending motion to stay this case. *See* D.I. 95. Stays after institution of IPR are routinely granted in this and other Districts. *See, e.g., Acqis, LLC v. EMC Corp.*, -- F. Supp. 3d --, 2015 WL 3617106, at *4 (D. Mass. Jun. 10, 2015) (Burroughs, J.) (granting a stay after institution of IPRs on "3 of 22 claims asserted" in the case); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 769 (E.D. Pa. 2014) (granting a stay after institution of IPRs on most claims.); *Serv. Solutions U.S., LLC v. Autel.US Inc.*, No. 13–10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) (granting a stay after the USPTO instituted a review of one of the seven patents-in-suit.).

Even where the USPTO does not institute review on all claims at issue, stays are appropriate and have been granted because there is "significant potential for issue simplification." *Destination Maternity*, 12 F. Supp. 3d. at 769; *see also Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (Granting a stay because issues would be simplified by USPTO review of four of six patents-in-suit, and noting that "complete overlap of the issues in the litigation and the IPR is not required to establish simplification of the case."); *SenoRx, Inc. v. Hologic, Inc.*, No. 12–173, 2013 WL 144255, at *3 (D. Del. Jan. 11, 2013) ("Whatever outcome occurs, there is the potential for the simplification of issues for trial, either by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified claim."); *Serv. Solutions U.S.*, 2015 WL 401009, at *3 ("Though a stay would have greater potential to simplify the issues if all seven patents were involved in the IPR proceeding, this does not mean that a more limited review [on only one patent] would not help simplify the case."); *Acqis*, 2015 WL 3617106, at *4

(granting stay where USPTO instituted IPRs on two of the eleven patents-in-suit); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, No. 12–68, 2013 WL 752474, at *4 (N.D. Cal. Feb. 27, 2013) (issues simplified by a stay even though the USPTO rejected reexamination of some asserted claims); *SenoRx*, 2013 WL 144255, at *4-5 (issue simplification factor weighs in favor of stay even though the USPTO did not grant request for *inter partes* reexamination of four of the asserted claims). "The relevant inquiry here...is not whether the IPR[s] would completely resolve this case, but rather whether it could make this litigation simpler and more efficient." *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160, 2014 WL 2511308, at *3 (W.D. Mo. Jun. 4, 2014) (*citing Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *2 (N.D. Ill. Oct. 1, 2013); *see also Yelp Inc.*, 2013 WL 6672451, at *6 ("Should the PTAB cancel or narrow *any* of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified.") (emphasis in original); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744, 2013 WL 3353984, at *5 (D. Del. Jul. 2, 2013)).[2]

Here, the USPTO has instituted review of 23 of the 30 claims (~77%) for which a review was requested on six of the seven patents-in-suit, **including all the asserted claims in the '774,**[3]

---

[2] Recently, another Philips entity, Philips Electronics North America Corp. ("Philips Electronics"), advocated for a stay under similar circumstances, where it filed IPR petitions on three out of five patents-in-suit. *Ilumisys, Inc. v. Philips Electronics N. Am.*, Case No. 2:13-cv-14961, D.I. 39, at 1. Philips Electronics argued that a stay would be appropriate because the issues in the case would be simplified, and noted that "courts do not require IPRs on all patents-in-suit to issue a stay." *Id.* After the USPTO instituted trials on those petitions, Philips Electronics also reiterated – as WAC does here – the need to stay the case, arguing that "the institution of IPR of such claims signifies a determination by the [USPTO] that there is a reasonable likelihood" that the challenged claims will be found invalid. *Ilumisys,*, Case No. 2:13-cv-14961, D.I. 53 at 1 (E.D. Mich. Sep. 12, 2014).

[3] In its Opposition to WAC's Motion to Stay the Case, Philips argued that a stay would not have been appropriate in part because there was little chance that an IPR would be instituted on the

***'138, '399, and '988 patents***.  Moreover, even where the USPTO did not institute review of all asserted claims, its decision on the instituted claims will provide valuable guidance with respect to the interpretation of the uninstituted claims.  For example, in the '890 patent, the two uninstituted claims are substantially similar to those that the USPTO will review.  Therefore, the USPTO's decision on the instituted claims will likely assist the Court in ruling on the uninstituted claims as well.  *See, e.g.*, *Acqis*, 2015 WL 3617106, at *4 (finding a strong likelihood of issue simplification where there is a "significant overlap … between the claim elements of the claims under review in the IPRs" and those in the remaining claims).

Conversely, if the district court litigation proceeds in parallel with the USPTO's review, it is very likely that both the parties and the Court will waste significant time and resources.  *See, e.g., Honeywell Int'l., Inc. v. Furuno Electric Co. Ltd.*, No. 09- 3601, 2010 WL 3023529, at *3 (D. Minn. Jul. 30, 2010) ("Without a stay, discovery may be far broader in scope than necessary, and the Court might spend time. . . examining the validity of claims that may be modified or eliminated through the reexamination process.").[4]  Neither a deadline for the close of discovery nor a trial date has been set yet.  In fact, damages discovery is yet to commence.  Thus, if the

---

claims of the '774 patent, given that the USPTO had previously rejected an IPR petition based on a different combination of prior art.  Not only was Philips proven wrong by the USPTO's decision, but despite its arguments to the contrary, Philips was well aware of the vulnerability of the '774 patent, as shown by the recent invalidation of its European counterpart by the German Patent Court (Budespatentgericht Decision No. 4 Ni. 35/13 (EP), June 23, 2015 (invalidating EP 0 890 059), available at https://www.bundespatentgericht.de/cms/index.php?option= com_wrapper&view=wrapper&Itemid=15&lang=en (last accessed on November 30, 2015).

[4] In its institution decisions, the USPTO has already construed a number of terms differently than either party had presented in the claim construction briefing in the present litigation (*e.g.*, "input filter means," and "output means" in the '988 patent; "means for supplying power responsive to the drive signal, said power supplying means supplying current to the LED array" in the '890 patent; and "signals other than a standard A.C. line voltage" in the '138 and '399 patents).  Therefore, if a stay is not granted, and the Court proceeds with issuing its claim construction order, it is possible that the Court and the USPTO may proceed to rule on the same claims using different constructions.

Court does not stay this case, it is likely that the parties will expend significant efforts on discovery and motion practice that could otherwise be avoided.  In fact, given the USPTO's current rate of invalidating instituted claims in Final Written Decisions—*all* instituted claims in 72% of reviews and some instituted claims in 14% of the reviews (*see* Patent Trial and Appeal Board Statistics, 10/31/2015, at 9, http://www.uspto.gov/sites/default/files/documents/2015-10-31%20PTAB.pdf (last accessed on November 30, 2015))—it is nearly certain that there will be at least some waste of time and resources on discovery relating to invalid claims in the absence of a stay.

For all these reasons, and the reasons discussed in its Memorandum in Support of its Motion to Stay the Case (D.I. 95), WAC respectfully reiterates its request that the Court stay the case pending final resolution of the instituted IPRs.

Dated: November 30, 2015                     Respectfully submitted,

/s/ *David C. Radulescu*

David C. Radulescu, Ph.D. (*pro hac vice*)
Tigran Vardanian (*pro hac vice*)
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY  10118
Telephone:  (646) 502-5950
Facsimile:   (646) 502-5959
david@radulescullp.com
tigran@radulescullp.com

*Attorneys for Defendant WAC Lighting Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ *David C. Radulescu*
David C. Radulescu