**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS LIGHTING NORTH AMERICA CORPORATION, | |
| Plaintiffs, | CIVIL ACTION NO. 14-cv-12298-DJC |
| v. | JUDGE DENISE J. CASPER |
| WANGS ALLIANCE CORPORATION d/b/a WAC LIGHTING CO., | |
| Defendant. | |

**WAC'S ANNOTATED CLAIM CONSTRUCTION CHART PURSUANT TO THE COURT'S ORDER (D.I. 161)**

Pursuant to the Court's order of December 13, 2016 (D.I. 161), Defendant WAC Lighting Co. ("WAC") submits this claim construction chart with annotations (attached as Appendix A) as well as a clean version of this chart incorporating all annotations (attached as Appendix B) reflecting the parties' current positions in light of the *inter partes* review ("IPR") proceedings and the new intrinsic evidence, which the Court must consider under the governing law.[1]

WAC would have preferred to file a joint annotated claim chart, but Philips would not agree to insert its annotations into the chart WAC submits here. Plaintiff Philips first sent its proposed annotated claim chart on the afternoon of Friday, February 24, less than two business days before the deadline set by the Court. WAC diligently worked to create a single chart incorporating its annotations and comments into Philips' proposed annotated claim chart – the chart provided here reflects that effort. Thus, WAC had no choice but to file its own chart.

[1] WAC's annotations also include its proposals during the *Markman* hearing that contained slight modifications from its proposals in the previous joint chart that were made in order to better highlight the disputes between the parties.

WAC's annotations take into account: (i) statements made by Patent Owner Philips during the IPR proceedings that are part of the intrinsic record and that the Court must consider in its claim construction analysis; (ii) additional claim construction disputes that were discovered during the IPR proceedings and not previously before the Court; and (iii) the Patent Trial and Appeal Board's ("PTAB") IPR findings relevant to claim construction. WAC understands that this annotated claim construction chart is the proper vehicle to efficiently notify the Court of the new evidence, disputes, and findings, and WAC has added and modified select constructions accordingly. Nevertheless, Philips refused to add its annotations and comments in the chart provided here, and categorically rejected raising with the Court the parties' new claim construction disputes and the new intrinsic record even through WAC has explained (as it does herein) that **the Court in its claim construction determination has to consider all intrinsic record and resolve all existing claim construction disputes under the governing Federal Circuit law**, as discussed below. As WAC explains below, Philips' position is contrary to both the Court's instructions and the relevant case law regarding what must be considered by the Court at claim construction.[2]

Statements made by the Patent Owner during IPR proceedings are part of the intrinsic record. *See, e.g., Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513, 2014

[2] To the extent that Philips argues that WAC's annotated claim construction chart contains "briefing," this is not so. Instead, WAC includes, for the Court's convenience, relevant portions of the IPR proceedings including new intrinsic evidence and the PTAB's findings, citations to the patents, and short explanations to provide context so that the Court may properly decide whether to "allow for further briefing." Ex. 14 (12/13/16 Hearing Tr.) at 18:14-20. WAC's chart is consistent with the Court's instruction "to file the original claim construction chart with annotations of parties current positions and submission of IPR decision" (D.I. 161); Ex. 14 at 18:5-9 ("I'm thinking it would be most useful for me if that could be annotated in some way to reflect what the parties' changes in positions are or what additional findings came out the PTAB that you'd want to draw to my attention as to each of the claims."); *see also* Ex. 14 at 20:4-8.

WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("The IPR proceedings will also add to the '536 Patent's prosecution history. Prosecution history is an important part of the intrinsic record relevant to claim construction"); *Aylus Networks, Inc. v. Apple Inc.*, No. 13-cv-04700-EMC, 2016 WL 270387, at *5 (N.D. Cal. Jan. 21, 2016) (finding Patent Owner's statements during IPR "akin to a prosecution disclaimer"); *id.* at n.1 (collecting cases). As the IPR proceedings are now part of the intrinsic record, and the Court must consider the relevant portions of the IPR record record in its claim construction deliberations. *See, e.g., Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1094 (Fed. Cir. 2013) (holding that a claim term "must be considered in the context of all of the intrinsic evidence, including the claims, specification, and prosecution history"). Further, the Court must resolve all claim construction disputes between the parties. *O2 Micro Intern. Ltd. v. Beyond Innovation Techs. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). Thus, according to the Court's instructions and the compelling case law regarding claim construction, WAC provides its chart reflecting the parties' current positions in light of the relevant IPR proceedings and intrinsic evidence.

To further assist the Court, WAC attaches the following exhibits to its joint annotated claim chart, including the final written decisions issued by the U.S. Patent & Trademark Office on November 23, 2016 and statements made by Patent Owner Philips during the IPR proceedings, which, as explained above, are part of the intrinsic record.

| **Exhibit No.** | **IPR Case No. (Patent No.)** | **Document** |
|---|---|---|
| 1 | IPR2015-01287 ('988 patent) | Final Written Decision |
| 2 | IPR2015-01290 ('774 patent) | Final Written Decision |

| | | |
|---|---|---|
| 3 | IPR2015-01291 (‘690 patent) | Final Written Decision |
| 4 | IPR2015-01292 (‘890 patent) | Final Written Decision |
| 5 | IPR2015-01294 (‘399 patent) | Final Written Decision |
| 6 | IPR2015-01293 (‘138 patent) | Final Written Decision |
| 7 | IPR2015-01287 (‘988 patent) | Patent Owner’s Response (Paper No. 22) |
| 8 | IPR2015-01289 (‘458 patent) | Patent Owner’s Preliminary Response (Paper No. 6) |
| 9 | IPR2015-1290 (‘774 patent) | Patent Owner’s Response (Paper No. 28) |
| 10 | IPR2015-01291 (‘690 patent) | Patent Owner’s Response (Paper No. 17) |
| 11 | IPR2015-01294 (‘399 patent) | Patent Owner’s Response (Paper No. 21) |
| 12 | IPR2015-01293 (‘138 patent) | Patent Owner’s Response (Paper No. 20) |
| 13 | IPR2015-01293/4 (‘399/’138 patents) | Record of Oral Hearing (Paper No. 45) |
| 14 | N/A | Status Conference Hearing Transcript, dated December 13, 2016 |

Dated: February 28, 2017

By: */s/ David C. Radulescu*

David C. Radulescu (*pro hac vice*)
Tigran Vardanian (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Michael D. Sadowitz (*pro hac vice*)
RADULESCU LLP
The Empire State Building
350 Fifth Avenue, Suite 6910
New York, NY 10118
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radulescullp.com
tigran@radulescullp.com

***Attorneys for Defendant WAC Lighting Co.***

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2017, a copy of the foregoing was filed electronically. Notice of its filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The parties may access this filing through the Court's filing system.

*/s/ David C. Radulescu*
David C. Radulescu