UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and PHILIPS LIGHTING NORTH AMERICA CORP., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 14-12298-DJC |
| WANGS ALLIANCE CORP., d/b/a WAC LIGHTING CO., | | |
| Defendant. | | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                 **January 2, 2018**

### I. Introduction

This case arises out of a dispute between the Plaintiffs, Koninklijke Philips N.V. and Philips Lighting North America Corp. (collectively, "Philips") and Defendant Wangs Alliance Corp. d/b/a WAC Lighting Co. ("WAC") regarding WAC's purported infringement of a number of patents held by Philips. D. 30. Philips now moves for summary judgment on the issue of the validity of certain patents with respect to novelty and non-obviousness. D. 182. WAC moves to compel the production of Marc Olivier Flaissier, the named inventor on one of the patents at issue, D. 180, and the production of certain documents related to the relevant prior art, D. 192. For the following reasons, the Court DENIES WAC's motion to compel the production of Flaissier, D. 180, ALLOWS in part and DENIES in part WAC's motion to compel the production of certain documents, D. 192, and DENIES Philips' motion for summary judgment, D. 182.

1

## II. Procedural History

This case was initially filed in this Court on May 28, 2014. D. 1. Philips alleges infringement of the following patents: Patent No. 6,147,458 ("'458 patent"), Patent No. 6,250,774 ("'774 patent"), Patent No. 6,561,690 ("'690 patent"), Patent No. 6,586,890 ("'890 patent"), Patent No. 6,788,011 ("'011 patent"), Patent No. 7,038,399 ("'399 patent") and Patent No. 7,352,138 ("'138 patent") (collectively, the "patents-in-suit"). D. 30 at 1.[1] On May 28, 2015, WAC filed *inter partes* review ("IPR") petitions with the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO") regarding claims in seven of the patents-in-suit and, on November 25, 2015, the PTAB instituted review with respect to claims in six of the patents-in-suit. D. 156. This Court then issued a stay of the proceedings pending the PTAB's decision. D. 156. The PTAB subsequently issued decisions in the IPR petitions, finding that WAC had met its burden of showing invalidity with respect to some of the challenged claims but not others. D. 183 at 6; D. 174. The parties then submitted updated briefing regarding claim construction, D. 178, D. 179, and the Court issued its claim construction decision. D. 211. The Court held a hearing on December 14, 2017, regarding the motions at issue now, D. 223, and took the matters under advisement.

## III. WAC's Motion to Compel Production of Flaissier

WAC moves to compel the production of Marc Olivier Flaissier ("Flaissier"), the named inventor on the '690 patent, who resides in France. D. 180; D. 181 at 6. In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

---

[1] Philips' allegations regarding the infringement of U.S. Patent No. 6,013,988 have been withdrawn. D. 174 at 5.

2

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A party may depose "any person, including a party, without leave of court except" under certain conditions not relevant here. Fed. R. Civ. P. 30(a)(1). "The party seeking an order compelling discovery bears the initial burden of showing that the discovery requested is relevant," but once that showing is made, "the objecting party bears the burden of showing that a discovery request is improper." Continental W. Ins. Co. v. Opechee Constr. Co., No. 15-cv-006-JD, 2016 WL 1642626, at *1 (D.N.H. April 25, 2016).

In support of its motion to compel, WAC states that "[i]nventor testimony is plainly relevant to patent litigation" and that "Flaissier is expected to possess critical testimony regarding Philip's patent practices at the time the '690 patent was filed, the prior art, the problem that the '690 patent allegedly solves, the underlying development of the technology claimed in the '690 patent, the alleged contribution of each inventor to the '690 patent, and the facts and circumstances surrounding the alleged invention." D. 181 at 11, 18. WAC does not, however, identify any claims or defenses it asserts to which Flaissier's testimony on these issues would be relevant. Inventors typically do not testify to compare the prior art to the patent at issue, Two Moms & a Toy, LLC v. Int'l Playthings, LLC, No. 10-CV-02271-PAB-BNB, 2012 WL 5187757, at *1 (D. Colo. Oct. 19, 2012), which is the principle basis for WAC's invalidity contentions that WAC has disclosed thus far. D. 57-1. WAC makes no allegations of inequitable conduct during patent prosecution for which Flaissier's testimony would be required. See Eurand, Inc. v. Mylan Pharm., Inc., 266 F.R.D. 79, 84 (D. Del. 2010) (stating that it would be "improper to use discovery in search of a factual predicate" for inequitable conduct that had not yet been pled).

3

Weighing against the uncertain relevance of the discovery to WAC is WAC's concession that it could attempt to depose Flaissier through the procedures available in the Hague Convention, D. 181 at 8, and Philips' contention that it does not control Flaissier, who is no longer an employee of Philips, D. 187 at 14. WAC contends that Philips "engineered" the unavailability of Flaissier by not informing WAC until two days prior to Flaissier's departure from its employ that Flaissier was leaving. D. 181 at 6. Philips did subsequently contacted Flaissier and requested that he appear for a deposition, offering to pay him as a consultant to do so, but Flaissier declined. D. 181 at 10; D. 187 at 13. WAC points out that Flaissier, in his contract assigning his patent rights to Philips, agreed to "testify in any legal proceeding . . . and generally do everything possible to aid [Philips] . . . to obtain and enforce proper protection for said invention," so contends that Flaissier is contractually obligated to appear for a deposition. D. 185-12 at 3; D. 181 at 11. Even crediting WAC's argument that Flaissier is contractually obligated to appear, the delay and expense associated with Philips potentially needing to take legal action against Flaissier to compel his appearance are not justified by the uncertain relevance of Flaissier's testimony. For all of these reasons, the Court DENIES WAC's motion to compel Flaissier's appearance (and the alternative relief of any sanctions against Philips).

## IV. Motion for Summary Judgment

Philips move for summary judgment seeking a ruling of "no invalidity under 35 U.S.C. §§ 102 and 103 based on patents and printed publications for" the '774 patent, the '890 patent, the '690 patent, the '339 patent and the '138 patent. D. 182 at 1.

### A. Standard of Review

"A motion for summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1429 (Fed. Cir. 2000). The Court views "the evidence in

a light most favorable to the non-movant, and draw[s] all reasonable inferences in its favor." Id. "Essentially, Rule 56[ ] mandates the entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Coll v. PB Diagnostic Sys., 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

### B. Factual Background

As described above, during the pendency of this case, WAC filed a petition for IPR with the PTAB with respect to certain claims in seven of the eight patents-in-suit. D. 184 ¶ 10, D. 190 ¶ 10. Prior to having done so, WAC served certain preliminary and supplemental invalidity contentions to Philips, disclosing certain patents and printed publications as prior art upon which WAC might rely. D. 184 ¶¶ 6-7, D. 190 ¶¶ 6-7. The PTAB granted IPR to a subset of WAC's petitions, D. 156, and subsequently issued written decisions in IPR. D. 174, D. 184 ¶ 19, D. 190 ¶ 19. The PTAB determined that certain claims were unpatentable and determined that WAC had failed to show that certain claims were unpatentable. D. 174-1 at 3; D. 174-2 at 3; D. 174-3 at 3; D. 174-4 at 3; D. 174-5 at 3; D. 174-6 at 3.

### C. Analysis

Philips has now moved for summary judgment on the issue of invalidity with respect to novelty and non-obviousness based on patents and printed publications. D. 182 at 1. First, Philips contends that, any invalidity contention that WAC did disclose in its preliminary and supplemental invalidity disclosures must fail because WAC is estopped from asserting such contention in federal court under 35 U.S.C. § 315(e)(2), since WAC "raised or reasonably could have raised" any such contentions in its IPR petition. Second, Philips argues that any invalidity contention that WAC did not disclose in its preliminary and supplemental invalidity disclosures before this Court should fail because WAC did not timely disclose it. D. 183 at 14-15.

5

### 1. Contentions WAC Disclosed to Philips

The parties disagree on the scope of estoppel under 35 U.S.C. § 315(e)(2). That provision states that a "petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not assert [] in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). The dispute concerns whether the phrase "during inter partes review" means only that portion of the IPR proceedings after the review is instituted, or whether it means the entirety of the IPR proceedings, including the initial filing of the petition. A related provision, 35 U.S.C. § 315(e)(1), provides that a petition may not "request or maintain a proceeding before the [PTO] with respect to [the challenged] claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review." At the hearing, WAC conceded that Section 315(e)(2) estops it from arguing any ground of invalidity for which review was instituted by the PTAB and adjudicated by it, but disputes whether Section 315(e)(2) estops it from arguing any ground for invalidity that was either not in WAC's petition or not instituted by the PTAB. D. 223.[2]

The Federal Circuit discussed these two provisions in <u>Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.</u>, 817 F.3d 1293 (Fed. Cir. 2016). In that case, Shaw, the putative infringer, petitioned for IPR of a set of patent claims. Id. at 1296. The PTAB instituted review only for a subset of the grounds and claims raised by Shaw, and issued a final written decision concluding that Shaw had failed to show that the those claims were unpatentable based on the

---

[2] At the hearing, WAC further contended that while it is estopped from raising any "ground" for which review was instituted, it claimed that it is not necessarily estopped from raising any particular prior art reference for which review was instituted, because a "ground" may consist of a combination of prior art references. D. 223.

instituted grounds. Id. at 1297. Shaw appealed the PTAB's decision to the Federal Circuit, appealing the PTAB's decision not to institute review of a particular ground and requesting a writ of mandamus from the Federal Circuit requiring the PTAB to institute IPR on that ground. Id. at 1298-99. The Federal Circuit denied Shaw's appeal, holding that it did not have jurisdiction over the PTAB's decision to institute review. Id. It stated that Shaw's appeal was premised on "its concern that the statutory estoppel provisions [Section 315(e)(1) and (e)(2)] would prevent [Shaw] from raising the [non-instituted ground] in future proceedings." Id. at 1299. The Federal Circuit, however, "agree[d] with the PTO that Section 315(e) would not estop Shaw from bringing its [arguments based on the non-instituted ground] in either the PTO or the district courts." Id. The Federal Circuit reasoned that "Shaw raised [the non-instituted ground] in its petition for IPR. The PTO denied the petition as to that ground, thus no IPR was instituted on that ground. The IPR does not begin until it is instituted." Id. Thus, it concluded "Shaw did not raise—nor could it have reasonably raised—the [non-instituted ground] during the IPR," so the "plain language of the statute prohibits the application of estoppel under these circumstances." Id. (emphasis in original).

It would seem, then, that the phrase "inter partes review" in Section 315(e)(2) refers only to the period of time after review is instituted, and, therefore, the estoppel provision does not apply to arguments that the petitioner only "raised or reasonably could have raised" in its petition rather than after institution of review. Some courts, however, have taken a contrary approach, reasoning that Shaw only requires excluding from the scope of Section 315(e)(2) those invalidity grounds for which the PTAB did not institute review, but not invalidity grounds that the petitioner failed to raise in its petition, because the narrower estoppel suggested by Shaw would encourage petitioners to hold back "a second-string invalidity case in reserve in case the IPR does not go the defendant's way." Douglas Dynamics, LLC v. Meyer Prods. LLC, No. 14-cv-886-JDP, 2017 WL 1382556, at

7

\*4-\*5 (W.D. Wis. Apr. 18, 2017), reconsideration granted in part on other grounds, No. 14-cv-886-JDP, 2017 WL 2116714 (W.D. Wis. May 15, 2017); see Biscotti Inc. v. Microsoft Corp., No. 2-13-cv-01015JRGRSP, 2017 WL 2526231, at \*6 (E.D. Tex. May 11, 2017); Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2-15-cv-21, 2017 WL 2605977, at \*3 (E.D. Va. June 5, 2017). Other district courts have reasoned that, notwithstanding the gamesmanship concern, Shaw compels the conclusion that Section 315(e)(2) estoppel does not apply to the grounds the petitioner failed to raise its petition for inter partes review. See, e.g., Intellectual Ventures I LLC v. Toshiba Corp., No. 13-cv-453-SLR, 2017 WL 107980, at \*1 (D. Del. Jan. 11, 2017).

There is much appeal in a broader reading of the estoppel provision. In this case, WAC requested a stay of proceedings shortly after the Markman hearing, to give the PTAB an opportunity to complete the IPR process. D. 94. This Court granted that stay, in part on the grounds that the stay would be likely to narrow the scope of the issues in dispute before trial. D. 156. Excluding grounds not raised in a petition and grounds not instituted by the IPR from the scope of estoppel essentially constrains the potential of any such stay to narrow the issues before this Court.

That having been said, the broader reading of the estoppel provision is foreclosed by Shaw. The Federal Circuit in Shaw held that the phrase "during inter partes review" applies only to the period of time after the PTAB has instituted review, and notwithstanding Philips' claims to the contrary, D. 183 at 13, that holding was not limited to Section 315(e)(1) nor was it mere dicta. Shaw quoted both Section 315(e)(1) and (e)(2), and stated that Shaw would not be estopped "in either the PTO or the district courts." Shaw, 817 F.3d at 1300. That conclusion was the reason it provided for concluding that mandamus was not warranted. Id. (stating that "[i]n light of our construction of the statute, mandamus is not warranted"). And the Federal Circuit's decision in

8

Shaw is binding on this Court. See Cargill, Inc. v. Sears Petroleum & Transp. Corp., 388 F. Supp. 2d 37, 49 (N.D.N.Y. 2005) (stating that the Federal Circuit's "position on matters involving patent law are binding" upon federal district courts).

Accordingly, Philips' motion for summary judgment with respect to invalidity contentions that WAC failed to raise in its petition for IPR is DENIED.

*2. Contentions WAC Did Not Disclose to Philips*

The parties also disagree about whether WAC's failure to disclose an invalidity contention to Philips now bars WAC from making that invalidity contention. Philips points to the prior scheduling order of this Court, D. 23, which adopted the parties' joint scheduling statement, D. 20-3, "as to events occurring before the claim construction hearing." D. 23. The parties' joint scheduling statement provided that amended preliminary invalidity disclosures would be submitted "up to 30 days prior to the claim construction hearing" and that final invalidity disclosures would be due "30 days after Claim Construction Order." D. 20-3 at 2. This Court's ruling on claim construction issued on December 11, 2017. D. 211. Thus, WAC's final invalidity disclosures are not yet due. See D. 20-3; D. 224 at 38.

Philips also points to Appendix E of the Local Rules, a model scheduling order for patent cases. D. 183 at 25. But, even if Appendix E had force in this case even though the Court adopted a different scheduling order, Appendix E does not support Philips' position. Appendix E offers two paths for a party to supplement its invalidity disclosures after the initial deadline set by the court: first, "by leave of court, for good cause," and second, "[i]f necessary . . . within [30] days after the Court's ruling on claim construction." L.R. App'x E at 2, 4. Philips points to no support in the record for the proposition that WAC will not be able to show good cause for supplementing its invalidity disclosures or that it is unnecessary for WAC to supplement its invalidity disclosures after claim construction. D. 183 at 23-24. It would be premature for the Court to rule on such

9

issues, without any specific proposed supplemental invalidity contentions before it. Thus, Philips' motion for summary judgment with respect to invalidity contentions that WAC has not yet disclosed is DENIED.

V. **WAC's Motion to Compel Production of Prior Art and Related Documents**

WAC also moves to compel Philips to produce certain documents related to the relevant prior art. Specifically, WAC moves to compel Philips to produce "prior art, invalidity claim charts, invalidity contentions from previous litigations involving one or more of the patents-in-suit, and all of Philips' discussions with actual and prospective licensees relating to invalidity and /or infringement of the patents-in-suit." D. 192 at 1. Philips replies that it has already produced the relevant prior art; that the invalidity claim charts and invalidity contentions from previous litigations are irrelevant because WAC is estopped from challenging the validity of the patents at issue, as discussed above; and that it is unduly burdensome to require Philips to produce correspondence from its licensees. D. 196 at 7-8. WAC does not identify the "prior art" it contends that Philips has not produced beyond the invalidity claim charts, contentions from previous litigations, and correspondence with licensees, and thus the motion to compel "prior art" is DENIED with respect to WAC's request for unspecified "prior art."

Philips' contention that it need not produced invalidity claim charts and documents from prior litigation because WAC is estopped from challenging the invalidity of its patents fails for the reasons described above. The motion to compel is thus ALLOWED with respect to WAC's request for invalidity claim charts and invalidity contentions from previous litigations involving one or more of the patents-in-suit.

Philip's contention that it would be unduly burdensome to produced correspondence with licensees is unavailing. Other courts have required patent holders to produce correspondence with

10

licensees, given that such correspondence is relevant not only for invalidity and infringement but also damages. See High Point SARL v. Sprint Nextel Corp., No. 09-cv-2269-CM-DJW, 2011 WL 3241432, at *5 (D. Kan. July 29, 2011) (collecting cases). The motion to compel is thus ALLOWED with respect to WAC's request for Philips' discussions with actual and prospective licensees relating to invalidity and/or infringement of the patents-in-suit.

**VI.     Conclusion**

For the foregoing reasons, the Court DENIES WAC's motion to compel the production of Flaissier, D. 180, ALLOWS in part and DENIES in part WAC's motion to compel the production of certain documents, D. 192, and DENIES Philips' motion for summary judgment, D. 182.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge